LOUISA S. HUNNEWELL *vs.* LOUISA B. HASKELL.

Bristol.     October 23, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Personal Injuries — Negligence — Duty of Shopkeeper to give Warning of Flight of Stairs.*

There is no duty on the part of a shopkeeper to give warning of the presence of an ordinary flight of stairs in broad daylight, or to guard the necessary access to it, even if there is a crowd in his shop.

TORT, for personal injuries. At the trial in the Superior Court, before *Blodgett*, J., the plaintiff testified that she entered the defendant's store in New Bedford at the entrance on Purchase Street about nine o'clock in the morning; that there was a great crowd in the passageway; that she turned to the right to get round to the silk counter, which was on the south side of the store; that there were so many people there she had to

edge her way along; that " right there was an open stairway, and I suppose I went too near to get round as I could not see anything, and I did not see any open stairway or rail "; that it was her purpose to purchase something; that her foot went off and she went head foremost down the stairs; and that she had been in the store before.

On cross-examination she testified that she knew it was a store where goods were kept for sale, with counters and clerks below as well as above, but that she did not know about the stairway where she fell down, and that her sight was very good, except that she was a little near sighted.

The following was agreed upon as a description, in connection with certain photographs, of the place of the accident, " the opening at the head of the stairway is three feet six inches wide. At either side newel posts which are stationed at the end of railings shut off the stairway at all places except at the opening provided for the public to pass up and down. The height of the railings connected with the newel posts is four feet. The first step, as it appears in the photographs, has an eight-inch drop to a platform stair about four feet square. There are several passageways of the usual character all through the store on the ground floor and on the basement floor. The distance from the south rail of the stairway to the south end of the silk counter is three feet. The doorway at which the public enter is about twenty feet from the stairway. The passageway toward the silk counter from that door leads by the head of the stairway."

At the conclusion of the testimony, the judge, at the request of the defendant, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

*D. T. Devoll*, for the plaintiff.

*J. F. Jackson & R. P. Borden*, for the defendant.

HOLMES, C. J. If the court can see that there has been no breach of duty on the part of the defendant, an allegation of negligence will not entitle the plaintiff to go to the jury. There is no duty on the part of a shopkeeper to give warning of the presence of an ordinary flight of stairs in broad daylight, or to guard the necessary access to it even if there is a crowd in his shop. The sides of the opening were guarded. Every one who

is on an upper story knows that there probably are stairs from it somewhere, and must look out for them. See *Richardson* v. *Boston*, 156 Mass. 145; *Pinney* v. *Hall*, 156 Mass. 225. The case is different from that of a hole in the floor which commonly is covered and which is of a kind not to be expected; therefore *Hendricken* v. *Meadows*, 154 Mass. 599, and *Drennan* v. *Grady*, 167 Mass. 415, cited by the plaintiff, do not apply. Neither does *Currier* v. *Boston Music Hall Association*, 135 Mass. 414, where, according to the evidence, the darkness made the depression invisible.         *Exceptions overruled.*