F. W. WOOLWORTH & CO. v. CONBOY.

(Circuit Court of Appeals, Eighth Circuit. June 3, 1909.)

No. 2,909.

1. NEGLIGENCE (§ 44*)—DANGEROUS PREMISES—STAIRWAY IN STORE.

It is not negligence for a mercantile firm to maintain an open stairway in its storeroom, inclosed except in front; and it is not liable for an in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jury received by a customer, who fell down such stairway in the daytime when the place was light.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 59; Dec. Dig. § 44.*]

2. NEGLIGENCE (§ 32*)—MERCHANT—CARE AS TO PERSONS IN STORE.

A mercantile firm cannot be held responsible for an injury to a customer caused by the pushing or violent conduct of a crowd attracted to a bargain counter in its store.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 42; Dec. Dig. § 32.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

This is an action for personal injury. The plaintiff in error, the defendant below, is the owner of the Five and Ten Cent Store at Minneapolis. The store room is 44 feet wide and 127 feet deep, and extends east and west fronting on Nicollet avenue. It advertised a special sale of granite ware, which attracted a large crowd, and among them the plaintiff. The counter at which this ware was sold was a long wall counter on the north side of the store, and situated a little to the west of the center. In front of it was a broad aisle extending the entire length of the store. To the west, and separated from this counter two or three feet, was a small counter, immediately back of which was an open stairway leading to the basement. The counter served to protect the stairway on the south side. On the east side it was protected by a railing, and on the north side by the wall of the building. A short distance back of this counter and the stairway was the partition of a private toilet room for the employés. Between this partition and the end of the counter was an aisle leading to the stairway. The entrance to the stairway was guarded by a gate, which was open at the time of the accident. The store was well lighted by windows, and also by arc lights, one of which was situated about 11 feet from the stairway. The basement was used only for storing goods, and not for their sale. The aisle leading to the head of the stairs was for the use of employés, and patrons had no occasion to enter it. At the time of the accident a clerk was standing on the long counter above referred to, handing out goods to purchasers, who were required to approach him with the correct change for their purchases in their hands. The crowd became violent. Some of the women fainted, and others clambered on the counter. So great was the crush that the plaintiff was pushed past the man on the counter. She claims that she was crowded along down the aisle past the small counter, and then into the side aisle between it and the partition. Plaintiff, all the time that she was moving along, claims to have had her eyes on the clerk, and was hoping to attract his notice. But she says that she was pushed sidewise or backwards, head foremost, down the stairs. The negligence charged in the complaint is the unguarded stairway, and the permitting of a large and violent crowd to assemble on the store premises. A motion for a directed verdict was made by the defendant at the conclusion of the evidence, and denied. The case was then submitted to the jury, and resulted in a verdict and judgment in favor of plaintiff for $500. The denial of the motion for a directed verdict is the chief error assigned in this court.

Arthur M. Keith (Charles T. Thompson and Edwin K. Fairchild, on the brief), for plaintiff in error.

W. H. McDonald (F. H. Ayers, on the brief), for defendant in error.

Before HOOK, Circuit Judge, and RINER and AMIDON, District Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

AMIDON, District Judge (after stating the facts as above). The motion should have been granted. It was not negligent to maintain the open stairway. It was separated from the part of the store to which patrons were invited or accustomed to resort. Indeed, if it had been situated in a portion of the room used by the public, that would not have constituted negligence. Important retail establishments are now accustomed to occupy several stories of the building in which their business is carried on. Open stairways leading from one story to another are a part of the ordinary equipment of such premises. Even when elevators are provided, there is usually a stairway adjacent to the shaft, and there are frequently other stairways in such rooms. Such stairways are closed on three sides, as was the one in this case; but the entrance is left open. Any other arrangement would be manifestly impracticable, and defeat the very object which the stairways are designed to accomplish. Such open stairways being an ordinary feature of store premises, the public, when resorting there, assume the risk arising therefrom, and are bound to protect themselves by the use of their eyes against such dangers. Mr. Justice Holmes, then speaking as Chief Justice of the Supreme Court of Massachusetts, states the rule applicable to such a situation as follows, in Hunnewell v. Haskell, 174 Mass. 557, 55 N. E. 320:

"There is no duty on the part of a shopkeeper to give warning of the presence of an ordinary flight of stairs in broad daylight, or to guard the necessary access to it, even if there is a crowd in his shop. The sides of the opening were guarded. Every one who is on an upper story knows that there probably are stairs from it somewhere, and must look out for them. The case is different from that of a hole in the floor which commonly is covered, and which is of a kind not to be expected."

See, also, Dunn v. Kemp, 36 Wash. 183, 78 Pac. 782.

The crowd on the present occasion seems to have been somewhat more violent than usual. Still such crowds are often found in large stores at the time of special sales, and during holiday seasons. They are an unavoidable feature of mercantile life in large cities. The defendant on the occasion in question had no reason to believe that such a sale as it was conducting would lead to any uncontrolled or violent conduct on the part of customers visiting the store, and was not therefore required to maintain its store in an unusual condition of safety to meet such an emergency. It had no reasonable cause to anticipate such violence, but, on the contrary, had a right to believe that patrons would demean themselves with a proper regard to others using the store. It was not, therefore, guilty of any negligence by reason of anything done by the crowd. In the excitement plaintiff seems to have lost her head and become wholly oblivious of her own safety or environment. She has met with an accident which is quite frequent, and there is nothing in this record justifying the shifting of her misfortune upon the defendant.

The judgment must be reversed, and a new trial granted.