## RECREATION CENTRE CORPORATION *v.* JOHN A. ZIMMERMAN
[No. 40, January Term, 1937.]

*Decided April 9th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Walter L. Clark* and *Roszel C. Thomsen,* with whom was *Clater W. Smith* on the brief, for the appellant.

*Charles E. Moylan* and *Theodore McKeldin,* with whom was *Michael Paul Smith* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The Recreation Centre Corporation, proprietor of bowling alleys in a building in Baltimore City, appeals from a judgment recovered by the appellee, Zimmerman, for damages from injuries sustained while he was descending from a stand of seats for spectators. And the question is whether the trial court erred in refusing to direct a verdict for the defendant because of a lack of legally sufficient evidence to prove negligence in the defendant toward one in the plaintiff's position, or because of contributory negligence on the plaintiff's part, or assumption by him of the risk of injury. Prayers for direction of the verdict on these three grounds were refused.

The evidence to be considered on the plaintiff's behalf is this: The alleys were on the fourth floor of the building, reached by elevators at the northwest end. The stand or bank of seats for spectators was near the elevators at that end, and had steps at each side. There were six tiers of seats, and the walk or foot rest for the first was three and a half feet above the floor. The stair on the east side, cutting back into the stand, consisted of five steps, the topmost being on a level with this first walk or rest, but to the rear of it. The walk of the

second tier was higher than the topmost step and to the side of it, and, extending beyond the seat at that end, was itself serviceable as a step at the side of the stairway. Above the second tier the seats and their walks extended across the whole width of the stand, and the first of those uninterrupted walks stood above the topmost step of the stair with a clear drop to the step of nearly twice the height of a riser in the stair; and there was no rail or guard between. The plaintiff testified that it was by stepping down from that walk on the assumption that he was descending from it by steps of regular height that he was caused to fall. There were some inconsistencies in his testimony, but none to affect the question of legal sufficiency of evidence to support recovery.

Admission to the building and the stand was free on all nights except those of championship matches, and was free this night. As many as a hundred or a hundred and fifty spectators used the stand every night. The plaintiff went to see a match between two teams made up at his place of employment. He had been a bowler but had not bowled for some years, and he testified that while he would have bowled if called upon to fill a vacancy he was present without any intention of bowling, and merely as a spectator. He entered, as he had entered four or five times before, at the west side, where the steps were not similar, and seeing that the teams he was to watch were beyond, at the eastern side, started down again by the eastern stairway, to go near them. There was an abundance of light, and the plaintiff looked, got a good look at the steps, and saw them, but said he did not notice the distance from the walk to the topmost step below it, and stepped down as if to meet a step at the ordinary distance. He had never before used this stairway. There was no evidence of a previous accident at the steps; the stand had been there five or six years, and an employee of the defendant testified that he had never heard of an accident during that time.

From the provision of the stand for spectators, an invitation to use it might be implied. It seems possible that

free spectators may be desired in such resorts for business advantages to the proprietors, but the evidence here has not gone into that possibility, and it is questionable whether it would permit placing the plaintiff in a legal position other than that of a guest or gratuitous licensee. Whether a proprietor's duty is to be regarded as the same toward all guests or licensees irrespective of differences in the use invited or permitted need not be determined for the decision of the question of legal sufficiency of evidence. *Benson v. Balto. Traction Co.*, 77 Md. 535, 26 A. 973; *Balto. & O. R. Co. v. Rose*, 65 Md. 485, 4 A. 899 *A. L. Inst.; Restatement Torts*, secs. 330, 331, 332, 342, and 343. Suffice it to say that toward guests for whom provision is made there is a duty on a proprietor to take precautions against their injury, on the accommodations provided, from a danger known to the proprietor, but which, as he should realize, a visitor exercising ordinary care might not perceive, and by which he might be caught unawares. *Restatement, Torts, supra.* From the long existence of the open construction in this case before the eyes of all agents and employees, a jury might be permitted to infer full knowledge in the proprietor of whatever danger there might have been from it, bearing in mind the familiar tendencies of men. And if it might reasonably have been inferred that there was a danger of catching a careful spectator at the steps unawares, as the plaintiff says he was caught, and that the proprietor exercising ordinary care should have realized the fact yet failed to take precautions against the accident, the proprietor might have been found to have failed in the duty imposed. And the questions for the court, which lie at the foundations of all the prayers for direction of the verdict, are whether that open condition could reasonably be said to involve a danger that might not be noticed by a visitor at the walk above, looking down at the steps with ordinary care, or whether he might assume that he was at the beginning of the flight of steps, and, if so, whether an ordinarily careful proprietor would have anticipated that this might occur and take precautions

against it. If it could be found that there was a danger which the careful visitor might not discover, and that the proprietor should have realized the fact, the court could not rule as matter of law either that there was no breach of duty by the proprietor, or that there was contributory negligence or an assumption of the risk by the visitor.

The tendency to assume that a stairway descends regularly from the top to the bottom is a natural one, of which any occupier of premises might be required to take notice. And for the plaintiff it is contended that a jury might find he was naturally, and without negligence, deceived into taking the walk at the top of the stairway, because of the absence of any barrier, or any mark or line of shadow under the light, to give notice that the steps did not regularly descend from there. And on the proprietor's behalf it is urged that spaces of varied measurements are common about walking places or steps, and that any one using care in climbing about this stand and looking at the steps, as the plaintiff did, would be expected to notice the arrangement of them, that its cutting back into rows of seats would suggest uncertainty in the distances among the various levels, and that a person of ordinary experience should have been aware that a stairway with one more step would necessarily have stood farther out in front of him by the measure of the one step, and not so far in underneath him as this stair was.

The members of the court have not all agreed on the answer to the questions, but a majority conclude that such a visitor might, although exercising care, have been misled by the condition, as the plaintiff says he was, and that the proprietor might be found lacking in ordinary care in not foreseeing the danger of it and acting accordingly. *Goldstein v. United Amusement Corporation,* 86 N. H. 402, 169 A. 587; *Donohue v. Kendall,* 50 N. Y. Super. Ct. (18 Jones & S.) 386; *Pinehurst Co. v. Phelps,* 163 Md. 68, 160 A. 736; *Boyle v. Preketes,* 262 Mich. 629, 247 N. W. 763; *Hoyt v. Woodbury,* 200 Mass. 343, 86

N. E. 772; *Hertz v. Advertiser Co.*, 201 Ala. 416, 418, 78 So. 794; *Bell v. Central Nat. Bank*, 28 App. D. C. 580; *Fairman v. Perpetual Investment Soc.* (1923) A. C. 74.

*Judgment affirmed, with costs.*