DAISY E. BALL, PLAINTIFF-RESPONDENT, v. ATLANTIC CITY AMBASSADOR HOTEL CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October term, 1947—Decided February 19, 1948.

For the plaintiff-respondent, *Oscar LeWine.*

For the defendant-appellant, *Cole & Cole.*

The opinion of the court was delivered by

FREUND, J. The appellant appeals from a judgment recovered by the respondent in the Atlantic Circuit for personal injuries.

The complaint alleges that the respondent was visiting friends who were guests at the hotel owned and operated by the appellant. During the visit the respondent had occasion to use the bathroom connecting with the bedroom occupied by the respondent's friends. The complaint further alleges that the "defendant negligently kept and maintained at the

entrance of the said bathroom a sudden and abrupt step lead-
ing therefrom * * * without signal, warning or indica-
tion of any kind to the users of the said bathroom of the
existence thereof; all of which constituted a structurally
defective and dangerous condition" and that the plaintiff
"while in the act of emerging from the said bathroom * * *
was caused to fall and be thrown to and upon the floor with
great force and violence." The appellant entered a general
denial and by separate defenses denied the "sudden and
abrupt step," and alleged that the maintenance thereof did
not constitute a structural defect or a dangerous condition
and that the respondent was guilty of contributory negligence.

The testimony reveals that the accident happened in the
early afternoon and that the floor of the bathroom was five
and a half inches higher than the floor of the adjoining bed-
room. The tread of the bathroom step was a slab of white
marble and, when the bathroom door was closed, the tread
of the step extended into the bedroom for about three inches.
The floor of the bathroom was of white tile and the bedroom
floor was covered with carpet up to the riser of the bathroom
step. The bathroom was lighted by an overhead light con-
trolled by a switch just inside of the bathroom door and
the bedroom was lighted with a large globe containing two
light bulbs, all of which were in working order. There were
two windows in the bedroom, and the respondent's host tes-
tified that, at the time the respondent sustained her injuries,
the sunlight was coming through the windows. The respond-
ent testified that the light in the bathroom was lighted when
she entered the bathroom and before leaving she put out the
light "and then I proceeded to pull the door and over I went."

The respondent's version of the accident is best illustrated
by her testimony, viz.:

On direct examination:

"The Court: Would you mind telling us what happened to
you, as you recall it, when you came out of the bathroom?

"The witness: Well, when I was ready to come out of the
bathroom as usual, I always turned the light out after I have
used the room, and so I turned the light out. The handle
of the door was here (indicating); the light was here (indi-

cating) ; and I turned the handle of the door so that I would know where it was. You see, it was a dark bathroom and then I proceeded to pull the door and over I went."

On cross-examination, she said:

"Q. You had to step up in order to get into the bathroom, didn't you? A. Yes.

"Q. Was the light on in the bathroom when you entered? A. Yes.

"Q. Did you close the door? A. Yes, naturally.

"Q. When you started to leave the bathroom, which did you do first, turn the light off or open the door? A. Well, it was a dark bathroom and the light was here (indicating) and the door was here (indicating), and I put my hand on the knob of the door so that I would know where it was, and pulled the light out.

"Q. As you pulled the light out, you opened the door? A. Yes."

At the close of the respondent's case, the appellant moved for a nonsuit, and, at the conclusion of the appellant's case, the appellant moved for the direction of a verdict. The denial of both motions is argued by the appellant as error, relying upon the propositions (1) that the appellant breached no duty owed to the respondent, (2) that the maintenance of the step was not the proximate cause of respondent's injury, and (3) respondent is barred from recovery by her contributory negligence.

The law is well settled that the owner or operator of a hotel is not an insurer, but is under a duty to exercise ordinary care to render the premises reasonably safe for the use of invitees and their guests. *McCracken* v. *Meyers, 75 N. J. L.* 935. Negligence is of course a fact which must be shown and the burden of proving it is upon the plaintiff. *McComb* v. *Public Service Railway Co.,* 95 *Id.* 187; *Cleary* v. *Meyer Bros.,* 114 *Id.* 120.

The trial proceeded upon the theory of negligence in that the maintenance of the step from the bedroom into the bathroom constituted a structural defect and danger. The testimony showed that the construction of the hotel was begun about the year 1916 and was completed about the year 1922.

To support her charge the respondent submitted the testimony of two witnesses, George R. Swinton, City Engineer of Atlantic City, and Howard A. Stout, an architect. Both testified that the step was not standard construction at the time when the hotel was built and that it was not standard at the time of the accident. Appellant's expert witness, J. Vaughan Mathis, an architect, conceded that the step should not be there, but denied that it was dangerous or of sub-standard construction.

Assuming it to be a fact, therefore, that the presence of the step constituted sub-standard construction on the date of the accident, it remains for us to determine whether the respondent established a cause of action. This court has considered many cases dealing with structural defects in premises. The liability or non-liability for injuries resulting therefrom is peculiarly dependent upon the facts in each case. In some we have determined that a jury question was present. *Crouse* v. *The Stacy Trent Co.*, 110 *N. J. L.* 124; *Martin* v. *Asbury Park*, 111 *Id.* 364; *Leech* v. *Hudson and Manhattan Railroad Co.*, 113 *Id.* 366; *affirmed*, 115 *Id.* 114; *Hansen* v. *Brown*, 123 *Id.* 223; *Deschamps* v. *L. Bamberger & Co.*, 128 *Id.* 527; *affirmed*, 129 *Id.* 517; *Flanigan* v. *Madison Plaza Grill, Inc.*, 129 *Id.* 419; *Whitlock* v. *Howard Clothes, Inc.*, 132 *Id.* 383. In others we held to the contrary. *Toscani* v. *Quackenbush Co.*, 112 *Id.* 173; *Cleary* v. *Meyer Bros.*, 114 *Id.* 120; *Kelly* v. *Loft, Inc.*, 124 *Id.* 185; *Steskovitz* v. *West End Building and Loan Association*, 125 *Id.* 435; *Trilling* v. *H. L. Green Co.*, 130 *Id.* 36. In *Cleary* v. *Meyer Bros, supra,* the plaintiff, as in this case, was injured by a fall from a step at the entrance to a lavatory. In each of the other latter cases, the fall was sustained from a step or upon a floor which was shown not to be of standard construction, but recovery was denied because in each of them there was no proof that the fall was caused by the faulty construction or by some other factor or element which could be said to constitute negligent conduct on the part of the owner of the premises. "Sloping floors * * * without more are not necessarily dangerous." *Deschamps* v. *L. Bamberger & Co., supra.* In *Kelly* v. *Loft, Inc., supra,* the evi-

dence established that the incline was not constructed by standard or accepted practice and that the floor should be level, but we declared that "it is not enough that the construction * * * was not standard, but it should further be shown that the deviation from the standard resulted in an unsafe and dangerous condition." In *Toscani* v. *Quackenbush Co., supra,* the plaintiff was injured by a fall from a step shown to have existed in violation of the building code. Mr. Justice Perskie, in affirming a judgment of nonsuit, said "It is elemental that causation must appear in any case based on negligence. The plaintiff must prove negligence. The plaintiff's own explanation of the accident was that she 'just missed' her footing and fell. Surely, this is no proof of causation or negligence."

The facts presented in the instant case differ therefrom and are distinguishable from the cases in which we imposed liability, for, as will be seen in each of them, either the structural defect was dangerous or there existed some factor which constituted negligence. So, in *Crouse* v. *The Stacy Trent Co., Hansen* v. *Brown* and *Flanigan* v. *Madison Plaza Grill, Inc., supra,* the evidence tended to show, among other things, a failure to provide adequate or proper lighting. In *Leech* v. *Hudson and Manhattan Railroad Co., supra,* plaintiff fell down a public stair leading to a railway station when her foot caught in the pocket on the tread of the step, and the injury resulted from the unusual and dangerous construction there present. In *Martin* v. *Asbury Park, Deschamps* v. *L. Bamberger & Co.,* and *Whitlock* v. *Howard Clothes, Inc., supra,* in addition to the improper construction, the evidence showed that the premises were slippery or otherwise rendered dangerous.

In the case *sub judice,* apart from the construction of the step, which as we have indicated was not shown to be dangerous *per se* even though it was sub-standard, there is no evidence of a state of disrepair, inadequate lighting or any other factor or element or condition which, together with the step, might have been causative of the accident, and, therefore, negligence on the part of the appellant.

We conclude therefore that it was error for the court to

deny appellant's motion for nonsuit and the judgment under review must be reversed.

*For affirmance*—HEHER, J.   1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ.   13.