## LONG *v.* JOESTLEIN

[No. 160, October Term, 1948.]

212

214

*Decided May 19, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Michael P. Crocker* and *John W. T. Webb,* with whom were *Jesse Slingluff, Jr.,* and *Marbury, Miller & Evans* on the brief, for appellant.

*Howard H. Conaway,* with whom were *Frank, Skeen & Oppenheimer* on the brief, for appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This action was brought in the Superior Court of Baltimore City by Caroline Joestlein, a domestic servant, against Dr. John H. Long to recover for personal injuries which she sustained on September 5, 1947, when she fell down a stairway in defendant's home on Woodbrook Lane.

Plaintiff, who was 69 years old at the time of the accident, was employed by Dr. Long as a companion for his two young sons while Mrs. Long was on a visit out of the city. About 6:30 p. m., Daylight Saving Time, after the boys had taken off their bathing suits on the second floor of the home, plaintiff decided to carry the wet suits down the back stairs to the first floor. The residence, which was designed by a firm of architects in 1926, consists of a main section and a wing on each side. On account of the fact that the floor level of the main section is 8 inches higher than the floor level of the wings, there is an 8-inch step at the end of the hall on the second floor. Below the step is a landing, 4 feet square, at the head of the stairway. On one side of the landing is a circular window one foot and a half in diameter. On the other side is a storage closet. Plaintiff testified that, while she was carrying the bathing suits in her left hand, she saw the railing of the staircase, but did not see the step or the landing, and before she could take hold of the railing with her right hand, she "stepped into space and fell," tumbling down the flight of seven or eight steps to the lower landing, where the steps turn in the opposite direction to the first floor. She sustained a fracture of a vertebra, which necessitated hospital treatment and the application of a spinal cast.

The trial judge overruled defendant's motion for a directed verdict. The case was thereupon submitted to the jury, and their verdict was in favor of plaintiff for $2,500. From the judgment entered thereon defendant brought this appeal.

It is a familiar principle of law that mere ownership of land or buildings does not render one liable for in-

juries sustained by persons who have entered therein, as the owner is not an insurer of the safety of such persons, even though he has invited them to enter. A property owner's liability to an invitee for injuries not intentionally inflicted must be predicated upon negligence, and there is no presumption of negligence on the part of an owner merely upon a showing that an injury has been sustained by a person while rightfully upon the premises. The general rule is well settled that an owner of land or buildings, who invites employees or others to go upon his premises, owes to such persons a duty to exercise care to have his premises in a reasonably safe condition and to give warning of any latent or concealed dangers. If an owner or occupant negligently allows a dangerous condition to exist on his premises, and leads invitees into a dangerous trap or exposes them to an unreasonable risk, and fails to give them warning of latent or concealed dangers, which are known to him but not to them, he is liable in damages to any injured persons, if they used ordinary care. But there is no duty upon the owner or occupant to warn an invitee of a dangerous condition which is obvious to a person of ordinary care and prudence. *Charles C. Fulton Building Co. v. Stichel*, 135 Md. 542, 545, 109 A. 434; *Texas Co. v. Washington, B. & A. Electric R. Co.*, 147 Md. 167, 173, 127 A. 752, 40 A. L. R. 495; *Pinehurst Co. v. Phelps*, 163 Md. 68, 160 A. 736; *Beverly Beach Club. v. Marron*, 172 Md. 471, 192 A. 278; *O'Neill & Co. v. Crummitt*, 172 Md. 53, 60, 190 A. 763; *Yaniger v. Calvert Building & Construction Co.*, 183 Md. 285, 288, 37 A. 2d 263; *Elzey v. Boston Metals Co.*, 189 Md. 566, 56 A. 2d 692; *Bennett v. Louisville & Nashville R. Co.*, 102 U. S. 577, 26 L. Ed. 235.

It is an accepted principle in the law of negligence that, in the construction and maintenance of a building, the owner discharges his obligation to exercise due care toward those to whom he owes a duty to keep the premises in a reasonably safe condition if he conforms to established custom in the particular instance, provided that such customary method of construction and mainte-

nance is not inherently dangerous or obviously improper. *Bruce v. Baer*, Mo. App., 76 S. W. 2d 423. We realize that one who enters a store, theatre, office building or hotel is entitled to expect that his host will make far greater preparations to secure the safety of his patrons than a householder will make for his social or even his business visitors. One entering a private residence, even for purposes connected with the owner's business, is entitled to expect only such preparation as a reasonably prudent householder makes for the reception of such visitors. *Moore v. American Stores Co.*, 169 Md. 541, 547, 182 A. 436; *2 Restatement, Torts*, sec. 343 (e). Generally, where the owner of real property has reason to apprehend danger from the peculiar condition of his property and its liability to cause injury, the question whether the owner is liable to an invitee who has been injured on the premises is for the consideration of the jury. However, where the trial judge finds no breach of duty on the part of the owner, the case should be withdrawn from the jury, for where an invitee seeks to hold the owner liable for injuries sustained on the ground of his negligence, there must be evidence from which a jury can reasonably infer negligence on the part of the owner.

In the case at bar the stairway was in no way unusual in construction. Nor was there evidence of any defective condition. Hence, it did not present any unusual danger. The law is clear that the maintenance of a well lighted stairway leading down from the floor to which persons are invited, guarded on all sides except where the steps meet the floor, does not constitute negligence which will render the owner liable for injuries to an invitee who falls down the stairs. *F. W. Woolworth & Co. v. Conboy*, 8 Cir., 170 F. 934, 23 L. R. A., N. S., 743. In a Massachusetts case, where a shopper sought recovery for injuries from a fall on a stairway, Chief Justice Holmes said: "There is no duty on the part of a shopkeeper to give warning of the presence of an ordinary flight of stairs in broad daylight, or to

guard the necessary access to it, even if there is a crowd in his shop. * * * Every one who is on an upper story knows that there probably are stairs from it somewhere, and must look out for them. * * * The case is different from that of a hole in the floor which commonly is covered, and which is of a kind not to be expected." *Hunnewell v. Haskell,* 174 Mass. 557, 55 N. E. 320.

Plaintiff, however, contends that, although the window furnished light for the landing, the step above the landing was dangerous, as there was nothing to give warning of it to a person walking toward the stairway. It is an accepted rule that the presence of different floor levels, connected by a step, is not such a dangerous condition as to make the owner or occupant of the premises liable in damages for injury to an invitee, unless, owing to the character, location or surrounding conditions of the step, a reasonably careful person would not be likely to expect or see it. *Hoyt v. Woodbury,* 200 Mass. 343, 86 N. E. 772, 22 L. R. A., N. S., 730; *Johnson v. Desmond,* Sup., 165 N. Y. S. 290; *Benton v. United Bank Building Co.,* 223 N. C. 809, 28 S. E. 2d 491; *Garrett v. W. S. Butterfield Theatres,* 261 Mich. 262, 246 N. W. 57; *Boyle v. Preketes,* 262 Mich. 629, 247 N. W. 763; *Main v. Lehman,* 294 Mo. 579, 243 S. W. 91; *Albachten v. Golden Rule,* 135 Minn. 381, 160 N. W. 1012. The courts generally recognize that different floor levels, connected by one or more steps, in private homes or in public buildings, are so common that the possibility of their presence is anticipated by persons of ordinary care and prudence. In *Ware v. Evangelical Baptist Benevolent & Missionary Society of Boston,* 181 Mass. 285, 63 N. E. 885, Justice Morton said on this subject: "It is matter of common observation that in entering and leaving stores, halls, railway car stations and platforms, office buildings, and other buildings and places, and private houses, adjoining surfaces are frequently at different levels; and the difference in level has to be overcome by one or more steps, of greater or less height, or by some other device. The same thing happens in the in-

terior of buildings and structures. We cannot think that such a construction is of itself defective or negligent."

In the present case the character, location and surrounding conditions of the step were not such as to make it so dangerous as to make the owner of the house guilty of negligence. The house was designed by Buckler, Fenhagen, Meyer and Ayers, a well known firm of architects, who have designed scores of dwellings as well as school and hospital buildings in Baltimore. Riggin Buckler, one of the members of the firm, testified in the Court below that innumerable homes in Baltimore have steps on account of difference in floor levels, and that he has two in his own home. Plaintiff laid stress on the fact that Dr. Long said that on one occasion he almost fell over the step. But Dr. Long swore positively that, although he had used the back hall and stairway every day from the time he moved into the house in 1947 until the day of the trial, he had never fallen at the step, and moreover he had never heard of anyone who had fallen there, except Miss Joestlein. In our opinion defendant cannot be held guilty of negligence because he failed to give her a warning that the step was dangerous. Her contention that she should have been warned of the danger would have been meritorious if the danger had been a latent one. But that was not the situation in this case. Here there was no concealed pitfall.

At the trial of this case E. Russell Marcks, former president of the Maryland Society of Architects, produced by plaintiff as an expert witness, expressed the opinion that it is not good architectural practice to put a single step at the end of a hall several feet away from a stairway, as the step might be overlooked. Plaintiff argued that inasmuch as her expert witness and defendant's expert witness entertained contrary opinions as to whether the step was dangerous, there was a conflict in testimony which warranted submission of the case to the jury. However, we think defendant could not be held guilty of negligence even if plaintiff's wit-

ness testified that the step was dangerous. There was no dispute as to the condition of the step, the landing, and the stairway. The riser of the step measures 8 inches, the same as each of the risers in the stairway. There was nothing about this particular step to make it unusual. No admission in evidence of expert opinion can establish liability for negligence where common knowledge shows that there was no danger so substantial that a man of ordinary prudence in the position of the defendant would have anticipated injury and guarded against it. *Pastrick v. S. S. Kresge Co.*, 288 Mass. 194, 192 N. E. 485; *Johnson v. Town of Orange*, 320 Mass. 336, 69 N. E. 2d 587.

Plaintiff also complained because she was not allowed to introduce testimony that defendant painted the landing white after her accident. The fact that defendant painted the landing after the accident is not admissible in evidence as an admission of liability. Such testimony would be immaterial, because such action by defendant could not affect his liability at the time of the accident. *Ziehm v. United Electric Light & Power Co.*, 104 Md. 48, 61, 64 A. 61; *American Paving & Contracting Co. v. Davis*, 127 Md. 477, 483, 96 A. 623; *State, for Use of Bahner, v. Consolidated Gas, Electric Light & Power Co.*, 159 Md. 138, 144, 150 A. 452.

Plaintiff asserted that, although she came to the house three times during the latter part of July when the Long family moved in, and she had been living in the house for three days, she had never been on the back stairway. However, that may be, there was plenty of light to guide her path at the time of the accident. Her own expert witness testified that the window at the landing gave enough light during the daytime for anyone to see all that he looked at in the area of the landing. It was 5:30 p. m., Eastern Standard Time, when the mishap occurred. It was then daylight. Any danger incident to the difference in floor levels, necessitating the one step, was obvious to anyone who looked. Plaintiff admitted that there was an electric light above the land-

ing, and that she saw it, but she did not turn it on, as she did not need it. When she was asked why she fell down the stairs, her only reply was: "I don't know." It is beyond question that she neglected to look carefully where she was going while she was hurrying down the hall, and as a result of her carelessness she fell down the steps. The law is well established that an employee is bound to observe such defects and dangers on premises where he is employed as would be seen by an ordinary person using reasonable care. If an employee fails to exercise reasonable care and he is injured as a result of his negligence, he is barred from recovery. *Le Vonas v. Acme Paper Board Co.*, 184 Md. 16, 40 A. 2d 43; *Petrol Corporation v. Curtis*, 190 Md. 652, 658, 59 A. 2d 329, 332. Plaintiff in this case cannot avoid the effect of her negligence by saying that she did not see a step which, if she had looked, she must necessarily have seen.

As there was no evidence of negligence on the part of defendant legally sufficient to warrant submission of the case to the jury, and plaintiff was guilty of negligence causing her accident, the judgment entered upon the verdict of the jury must be reversed.

*Judgment reversed without a new trial, with costs.*