## Myers v. Ben Snyder, Inc.

November 3, 1950.

Chester D. Adams, Judge.

Troy D. Savage for appellant.

Stoll, Kennon & Park for appellee.

JUDGE LATIMER—Affirming.

Appellant, Nettie Myers, brought this action below seeking damages for personal injuries.

The action was based upon the alleged negligence of appellee in maintaining a booth on the landing of the stairway in its place of business. Appellee, Ben Snyder, maintains a large department store in the City of Lexington. Its main room is on the street level. In approximately the center of this main room a stairway some 20 or 25 feet in width leads up to what is known as the annex. There are 8 steps in this stairway, which has a landing in the middle, four of the steps being above the landing and four below. Appellee erected a booth on this landing, at about the center thereof, which it used as a station for exchanging coupons or stamps for sales slips. On the day of the alleged injury, appellant, after having made a purchase, went up the stairway to the booth for the purpose of exchanging her sales slips for stamps. After she had procured the stamps, she turned to leave the store, forgetting

that she was on the stairway, and fell or stumbled down the four steps to the main floor. In the fall she broke a bone in her foot and sprained her ankle severely.

The cause went to trial and, upon conclusion of plaintiff's testimony, defendant's motion for peremptory instruction was sustained.

Appellant is here insisting that the court erred in taking this case from the jury. It is argued that whether or not the maintenance of the booth on this landing of the stairway constitutes negligence, and whether or not the process of procuring the coupons was sufficient distraction to excuse what would otherwise be negligence on appellant's part, are questions of fact which should have been submitted to the jury under proper instructions.

Appellant argues in brief that there are three questions of law involved: "(1) Is the maintaining of the booth on a stairway which requires invitees to go thereon to transact business negligent? (2) Conceding that the erection and maintenance of the booth in this position is negligence, was the appellant contributorily negligent in going on to the stairway and absent-mindedly stumbling and falling therefrom? (3) Assuming that the appellant was negligent in going on the stairway and stumbling therefrom, is her negligence excused by her momentary forgetfulness due to the distraction of her mind in the process of procuring coupons?"

No complaint is made of any defect in the construction or arrangement of the steps or of any foreign substance thereon. Thus, it will be seen that the only element of negligence, if there was negligence, was in the arrangement or placing of the booth upon the landing, which required customers to ascend or descend the steps in reaching the landing to obtain the trading stamps. Appellant seems to take the position that such an arrangement created a hazard. Appellant admits in brief that no Kentucky case can be found directly in point on this question, but cites some foreign cases in support of the position taken. A review of those cases shows there to be present in each case an element of hidden danger. Here we have an arrangement, open and apparent to all customers of the store, a situation

particularly within the knowledge of appellant since she had entered the store many times both as a customer and employee. The position taken by appellee would be correct had the danger, if any existed, been a latent one. Here the situation was obvious. Apparently there is no duty to warn of the obvious.

We agree that it would be negligent to maintain a situation which might reasonably be regarded as hazardous. However, under the circumstances here, in the absence of any latent danger, the placing of the booth on the landing can no more be regarded as hazardous than the presence of the steps leading up to the annex. The general rule is that no one is required to guard against or take measures to avert that which, under the circumstances, a reasonably prudent person would not anticipate as likely to happen. The requirement is to guard against such as might reasonably have been expected. What happened must reasonably be within that range of apprehension. We agree that there is utter failure to show negligence in this respect.

Even granting, however, there were dangers inherent in placing this booth on the landing, it is apparent that appellant, against whom contributory negligence was pleaded, from a factual and legal standpoint, was guilty of contributory negligence as a matter of law.

In narrating what happened, appellant said: "I could not reach the desk, of course, without getting up on the steps, and I was standing on the second or third step from the floor, to get my stamps at the desk, and after I got the stamps I turned around and I didn't realize that I was still on the step, I forgot where I was standing and stepped off and fell down to the floor. I don't know how I fell, but I just fell."

A duty rests upon everyone to make such use of his faculties in the interest of his own safety as is reasonable under the circumstances. Inattention to the danger inherent in the particular act is negligence. Appellant advances the theory that, even though appellant was contributorily negligent in absent-mindedly stumbling and falling from the stairway, her momentary forgetfulness absolved her of any contributory negligence because of the distraction of her mind in

the process of procuring stamps. It is insisted that the process of the exchange of stamps was a disturbing cause sufficient to palliate her inattention to a known and obvious danger. We are not undertaking to say that under no circumstances could there be no adequate disturbing cause. Obviously, the facts herein do not justify application of this rule.

In 38 Am.Jur., Negligence, Section 199, it is said: "A customer in a store is bound to take ordinary or reasonable care for his own safety. Upon entering a store, a customer is required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence and prudence would exercise under the same or similar circumstances. He must make a reasonable use of his own faculties to observe and avoid dangers upon the premises."

In Peerless Mfg. Corporation v. Davenport, 281 Ky. 654, 136 S.W.2d 779, 780, this Court said:

"* * * There was likewise the duty upon appellee to exercise ordinary care for his own safety which is measured by the same standard, since the rule of comparative negligence does not prevail and is not recognized in this state. Sandy River Cannel Coal Company v. Caudill, 60 S.W. 180, 22 Ky.Law Rep. 1175. Where both parties are guilty of negligence which concurs in producing the injury complained of, courts will not stop to inquire which was the most negligent but will deny recovery if the injury would not have happened but for the negligence of the plaintiff. Mann Brothers v. City of Henderson, 154 Ky. 154, 156 S.W. 1063. An invitee's right to assume that premises which he has been invited to use are reasonably safe does not relieve him of the duty to exercise ordinary care for his own safety nor license him to walk blindly into dangers which are obvious, known to him, or that would be anticipated by one of ordinary prudence. See Lachat v. Lutz, 94 Ky. 287, 22 S.W. 218, 15 Ky.Law Rep. 75, and Lyle v. Megerle, 270 Ky. 227, 109 S.W.2d 598. And one voluntarily exposing himself to such dangers is guilty of contributory negligence. Wallis v. Illinois Central Railroad Company, 247 Ky. 70, 56 S.W.2d 715."

The judgment is affirmed.