BURKERT ET AL. *v.* SMITH ET AL.

[No. 77, October Term, 1952.]

454

Decided February 6, 1953.

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Noah A. Hillman* and *C. Osborne Duvall* for the appellants.

*Michael Paul Smith,* with whom were *W. Lee Harrison* and *Albert J. Goodman* on the brief, for the appellees.

SOBELOFF, C. J., delivered the opinion of the Court.

In a suit for personal injuries sustained by a woman who fell down a stairway in a tavern, the trial court directed a verdict for the defendants, the owners of the building and the tenant who operated the tavern. The sole question for decision is whether in doing so the court committed error.

The Judge briefly stated to the jury that the plaintiff (who, with her husband, brings this appeal) was guilty of contributory negligence as a matter of law. Although no mention was made by the trial court of the question of the defendants' primary negligence, it was argued in the briefs and orally in this court. The question is necessarily involved in an examination of the Circuit Court's action, for even if it should be found to have been in error in holding the plaintiff guilty of contributory

negligence the action may still not be disturbed if there was no sufficient evidence of the defendants' negligence to require submission to the jury. Accordingly, our inquiry is as to both primary and contributory negligence.

The facts are not seriously in dispute and may be briefly stated. The hinges of the entrance door are on the right as one approaches from the outside, so that when the door is opened it swings from left to right into the tavern. On each side of the door was a window and there was a glass panel in the door itself. On the left side of the room was a bar; on the right, shuffleboard, chairs and other usual paraphernalia. Immediately to the left of the door, against the front wall, was a stairway leading to the cellar. The head of the stairs was variously estimated to be from four to eight inches from the left side of the front door—less than the width of the ordinary stair-step.

Shortly before the accident the appellant, Mrs. Burkert, was shopping in a durg store adjacent to the tavern. There her husband left her to go next door, saying that she should call for him in the tavern when she had completed her mission in the drug store. When the wife came to the tavern door she called her husband, who asked her to come in as he had not finished drinking his beer. She entered and stopped just inside the door watching people play shuffleboard on the right side of the tavern. Thus, with her back toward the stairs, she stood a short time, estimated at not more than three or four minutes. She then noticed through the glass panel of the front door the shadow of a person seeking entrance, and as the door opened inward she took one step back to make way. When she did so, she fell down the stairs and was injured. Mrs. Burkert testified that she did not see the stairway as she entered and had never been in the place before. The entrance was on the first floor and there is nothing in the record to indicate that she knew of the existence of the basement.

The legal arguments for the appellants and the appellees follow the customary pattern. The pertinent rules

of law are even less in doubt than the practically undisputed facts. It is the precise application of recognized legal principles to the present situation that presents the difficulty.

The appellants invoke the familiar doctrine that the owner of premises owes a duty to an invitee to have them reasonably safe to avoid injury to the person who enters by invitation.

The rule frequently enunciated in this and in many other states is that the keeper of a store or other place of business to which the public is invited is bound to exercise due care to have his premises and the approaches thereto in a reasonably safe condition, and will be liable for injuries sustained in consequence of a failure to do so. Illustrative cases are: *Dickey v. Hochschild, Kohn & Co.,* 157 Md. 448, 146 A. 282; *O'Neill & Co. v. Crummitt,* 172 Md. 53, 190 A. 763; *Chalmers v. Tea Co.,* 172 Md. 552, 192 A. 419.

The appellees on their part stress such cases as *Yaniger v. Calvert Bldg. & Con. Co.,* 183 Md. 285, 37 A. 2d 263, where the plaintiff in some unexplained way fell out of a window not shown to be unusual in height, location or otherwise. There it was said: "The mere ownership of land or buildings does not render one liable for injuries sustained by persons entering thereon or therein; the owner is not an insurer of such persons even though he has invited them to enter, nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality or the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant, and not known to the person injured, that a recovery is permitted. * * * And hence there is no liability for injuries from dangers that are obvious, or as well known to the persons injured as to the owner or occupant."

As a statement of a general rule, this will readily be granted but as for the correct answer to our problem it holds hardly a clue, for the circumstances of the two cases are so unlike. In Maryland and elsewhere cases are to be found involving injuries to invitees falling down stairways and a consideration of the respective duties of owner and occupant on the one hand and invitee on the other. Examination of these cases is useful to guide us in our approach to a solution, but always it must be borne in mind that general expressions to be found in reported cases cannot be given rigid and undiscriminating application to particular facts. An illustration of this problem appears in the case of *Long v. Joestlein,* 193 Md. 211, 217, 66 A. 2d 407, 409. There the court said: "In the case at bar the stairway was in no way unusual in construction. Nor was there evidence of any defective condition. Hence, it did not present any unusual danger. The law is clear that the maintenance of a well lighted stairway leading down from the floor to which persons are invited, guarded on all sides except where the steps meet the floor, does not constitute negligence which will render the owner liable for injuries to an invitee who falls down the stairs. *F. W. Woolworth & Co. v. Conboy,* 8 Cir., 170 F. 934, 23 L. R. A., N. S., 743." But these words were spoken in the case of an employee in a home, not of an invitee to a public place. Judge Delaplaine speaking for this Court in *Long v. Joestlein, supra,* said: "One entering a private residence, even for purposes connected with the owner's business, is entitled to expect only such preparation as a reasonably prudent householder makes for the reception of such visitors." Moreover, after stating the general rule that the presence of different floor levels connected by a step is not such a dangerous condition as to make the owner or occupant of the premises liable in damages for injury to an invitee, the opinion carefully adds, "unless, owing to the character, location or surrounding conditions of the step, a reasonably careful person would not be likely to expect or see it."

The *Long v. Joestlein* facts contrast with those of our case. Here the appellant stopped, as she had the right to do, near the door and stepped back instinctively to allow the door to open and admit a person seeking entrance. Acts which, if done in calm deliberateness, might be judged negligent, may yet not be so regarded where done spontaneously in response to a normal impulse without adequate opportunity for reflection. A jury might well conclude that when Mrs. Burkert stepped back to admit someone she saw through the glass door panel her behavior was normal and free from negligence. At all events the question admitted of more than one reasonable answer. It falls into what has been termed the twilight zone, neither entirely dark nor entirely light. It is not a case of contributory negligence as a matter of law.

While it may be argued with great plausibility that she should have seen the stairway it can be argued also with cogency that there was no reason for her to suppose that a stairway would be placed within a few inches of the door in a public place, for that is a most unusual arrangement. The appellants' contention is not entirely without force that the location of a stairway hard by the entrance door may constitute a trap or pitfall, even though well lighted. To say that the fall occurred in daylight is not to dispose of the problem, for the injured woman claims that the location of the stairway was so unexpected that it constituted a danger to her of which she was unaware, and that she was put off her guard despite the lighting conditions. It would not be an unreasonable contention that some gate swinging away from the stairway should have been placed there, and this could have been done at nominal cost. It is not our function and was not that of the trial judge to decide this conflict, but to recognize its existence and that it is fairly debatable. Decision was for the jury. These competing arguments present a question peculiarly appropriate for a jury, because it must be recognized that a reasonable mind could conclude that there was

negligence in having an unguarded stairway so close to the entrance; also that a jury might reasonably conclude that the conduct of the injured woman in stepping aside to allow the front door to be opened was normal and free from contributory negligence on her part. It is necessary to remember the rule which has been so often repeated, that to justify the trial court in withdrawing the case from the consideration of the jury on the ground of contributory negligence, the negligent act relied on must be distinct, prominent and decisive, and one about which ordinary minds would not differ.

Some courts have resolved the question in somewhat similar fact situations by holding owners and operators of a store negligent in placing the stairway close to the door, and the injured person free from negligence in not noticing the stairway; other courts have come to the opposite conclusion. Some saw in the dispute a jury question, others have ruled as the trial court did in this case, withdrawing the matter from the jury. In *Marguis v. Goldberg,* (Mo. App.) 34 S. W. 2d 549, the distance between the entrance and the stairway was greater than in this case (three or four feet), yet the matter was submitted to the jury. See also *Sante Peterson, Admr. v. Alf Hendrickson & Wife,* 335 Ill. App. 223, 81 N. E. 2d 266; *Delmore v. Polinsky,* 132 Conn. 28, 42 A. 2d 349; *Cheney v. S. Kann Sons & Co.,* D. C., 37 F. Supp. 493; *Johnson v. Pulidy,* 116 Conn. 443, 165 A. 355.

Such factors as the close proximity of the steps to the entrance, the short time during which appellant was in the tavern, the attraction of the shuffleboard game, the appellant's ignorance of the peril lurking behind her, the swift but natural response of the appellant in stepping away from the door upon realizing that an incoming patron would open the door on her—all of these are matters for consideration in determining contributory negligence. While the facts in *Chalmers v. Tea Co.,* 172 Md. 552, 192 A. 419, were not like those here the principle announced in that case by Judge Offutt

is applicable to this case. He said: "There is a substantial difference between the kind and degree of vigilance which a traveler on a street must exercise to avoid danger and that which is required of a customer in a store. The storekeeper expects and intends that his customers shall look not at the floor but at the goods which he displays to attract their attention and which he hopes they will buy. He at least ought not to complain, if they look at the goods displayed instead of at the floor to discover possible pitfalls, obstructions, or other dangers, or if their purchases so encumber them as to prevent them from seeing dangers which might otherwise be apparent. Patrons are entitled therefore to rely to some extent at least upon the presumption that the proprietor will see that the passage ways provided for their use are unobstructed and reasonably safe."

The appellees put heavy reliance upon the language of Mr. Justice Holmes in the Massachusetts case, *Hunnewell v. Haskell,* 174 Mass. 557, 55 N. E. 320, where it was said: "There is no duty on the part of a shopkeeper to give warning of the presence of an ordinary flight of stairs in broad daylight, or to guard the necessary access to it, even if there is a crowd in his shop. * * * Every one who is on an upper story knows that there probably are stairs from it somewhere, and must look out for them. * * * The case is different from that of a hole in the floor which commonly is covered, and which is of a kind not to be expected. The recited facts are obviously unlike the case before us. In the Massachusetts case the stairs were normal not only in themselves but in their location. In the case here the abnormal location of the steps in relation to the entrance is the distinguishing feature and the alleged cause of the injury.

An examination of *Recreation Etc. Corp. v. Zimmerman,* 172 Md. 309, 191 A. 233, may shed light on our problem. A nonpaying spectator at defendant's bowling alley, while descending steps attached to a stand of seats intended for spectators, was injured due to the fact that

the drop to one of the steps was twice the usual drop, and plaintiff failed to notice this. It was held that the questions if whether plaintiff might, though exercising care, have been misled by this condition, and whether the defendant in not foreseeing the danger and acting accordingly was negligent, were for the jury.

If it is proper for a jury to pass on the negligence *vel non* of one descending a flight of stairs and whose attention is presumably directed to the stairs, for the reason that one is not necessarily held accountable for not seeing what he has no reason to expect or to look for, then the appellant here might be held not to have committed an act of contributory negligence as a matter of law. See *Morgenstern v. Sheer,* 145 Md. 208, 125 A. 790, where it was held proper to refuse a directed verdict against a plaintiff who fell down an unguarded elevator shaft despite his admission that there was sufficient light in the adjacent hallway to enable him to see twelve feet ahead. See also, *II Restatement of Torts,* 943.

We are of the opinion that this case should have been submitted to the jury. Accordingly, the judgment will be reversed and the case remanded for a new trial.

*Judgment reversed and case remanded for a new trial, with costs.*

HENDERSON, J., delivered the following dissenting opinion.

There are few buildings anywhere that do not contain stairways, and it is not suggested that the existence of a stairway is negligence *per se.* But it is now held that the mere location of a stairway adjacent to a door is sufficient to charge a landlord with negligence. There must be thousands of buildings, erected in full compliance with the building codes, where such a condition exists. Apartments with doors opening on stair landings are a familiar example. There is no evidence that the stairway in question was improperly constructed, defective or badly lighted. To correct the defect found

it will apparently be necessary to remodel the whole structure and move the staircase to an undetermined distance from any door.

When we consider the question of contributory negligence the case seems even clearer. The plaintiff could hardly have failed to see the stairway when she opened the door. Certainly she could have seen it if she had looked, and it was her duty to look. Nevertheless, she chose to take up a position immediately in front of the door, where she blocked the entrance, and at the very top of the stairway, to which she turned her back. After she had stood there for three or four minutes and someone was about to enter, she stepped backwards without looking and fell. To step back without looking is seldom a prudent act; to do so when she had voluntarily assumed a position blocking the entrance, at the head of a plainly visible stairway, is so manifestly imprudent in my mind as to leave no room for doubt.

There seems to be no Maryland case directly in point. But in *Yaniger v. Calvert Bldg. & Con. Co.*, 183 Md. 285, 37 A. 2d 263, an action for injuries sustained in falling through a tall open window immediately adjacent to an elevator was held bad on demurrer. The Court took pains to distinguish *Recreation Centre Corp. v. Zimmerman,* 172 Md. 309, 191 A. 233, on the ground that in that case there was a defect in the stairs, or missing step, by which the plaintiff was "caught unawares". The cases of *Elzey v. Boston Metals Co.*, 189 Md. 566, 56 A. 2d 692, *Long v. Joestlein*, 193 Md. 211, 66 A. 2d 407, and *Neely v. Brewer*, 194 Md. 691, 71 A. 2d 872, illustrate the lengths to which this court has gone in denying recovery as a matter of law where there was no defect except the mere existence of an opening, stairwell or obstruction that was easily apprehendable.

While there are instances in other states where cases have been allowed to go to a jury on somewhat similar facts, a careful analysis will disclose that they almost always are based not on the mere existence or location of a stairway, but on active conduct by the proprietor or

lessee, calculated to trap a customer, as, for example, the display of goods in such a manner as to hide the steps or divert the customer's attention, or the gathering of an unmanageable crowd in response to advertisements of sales. In the absence of such factors, the soundest rule is that stated in *F. W. Woolworth & Co. v. Conboy*, 8 Cir., 170 F. 934, 936, 23 L. R. A., N. S., 743, cited with approval by this court in *Long v. Joestlein, supra*: "Open stairways leading from one story to another are a part of the ordinary equipment of such [store] premises. Even when elevators are provided, there is usually a stairway adjacent to the shaft, and there are frequently other stairways in such rooms. Such stairways are closed on three sides, as was the one in this case; but the entrance is left open. Any other arrangement would be manifestly impracticable, and defeat the very object which the stairways are designed to accomplish. Such open stairways being an ordinary feature of store premises, the public, when resorting there, assume the risk arising therefrom, and are bound to protect themselves by the use of their eyes against such dangers. Mr. Justice Holmes, then speaking as Chief Justice of the Supreme Court of Massachusetts, states the rule applicable to such a situation as follows, in *Hunnewell v. Haskell*, 174 Mass. 557, 55 N. E. 320:

'There is no duty on the part of a shopkeeper to give warning of the presence of an ordinary flight of stairs in broad daylight, or to guard the necessary access to it, even if there is a crowd in his shop. The sides of the opening were guarded. Every one who is on an upper story knows that there probably are stairs from it somewhere, and must look out for them. The case is different from that of a hole in the floor which commonly is covered, and which is of a kind not to be expected.' "

See also *Bauhof v. Adair*, 162 Pa. Super. 92, 56 A. 2d 370; *Evans v. Orttenburger*, 242 Mich. 57, 217 N. W.

753; *Myers v. Ben Snyder, Inc.*, 313 Ky. 832, 233 S. W. 2d 1016; *Ball v. Atlantic City Ambassador Hotel Corp.*, 137 N. J. L. 744, 57 A. 2d 362. I think the case was properly withdrawn from the jury and the judgment should be affirmed.