**HARRY PORETSKY & SONS, Inc.,**
**Appellant,**

**v.**

**Harvey HURWITZ, Appellee.**

**No. 7202.**

United States Court of Appeals
Fourth Circuit.

Argued June 13, 1956.
Decided July 16, 1956.

J. Gilbert Prendergast, Baltimore, Md.
(John H. Bolgiano, and Clark, Smith &
Prendergast, Baltimore, Md., on brief),
for appellant.

Hyman Smollar, Washington, D. C.
(Stanley B. Frosh, Washington, D. C.,
on brief), for appellee.

Before PARKER, Chief Judge,
SOPER, Circuit Judge, and BARKS-
DALE, District Judge.

SOPER, Circuit Judge.

This suit relates to injuries suffered by
Harvey Hurwitz, plaintiff in the court
below, during a visit to a house erected
and offered for sale by the defendant,
Harry Poretsky and Sons, Inc., when his
head came into forcible contact with an
overhead beam. After the injury the
plaintiff, although in considerable pain,
continued in his occupation of traveling
salesman until August 20 when the pain

increased in severity and he felt compelled to consult a physician. The examination disclosed a whip lash injury to the back of the neck accompanied by headache, pains in the neck and shoulders, and a tilting forward of the head. These symptoms persisted up to the time of the trial on October 4, 1955, and the medical prognosis was that it would probably be three or four years before he would be reasonably free from them. He was examined by a doctor selected by the defendant but no medical testimony was offered in its behalf.

It is suggested that these injuries may have been caused or aggravated by an accident which Hurwitz experienced on September 6, 1954, the first day on which he returned to work after his medical examination on August 20, 1954. On that day, according to his testimony, he blacked out while driving his automobile in West Virginia and the car left the road, collided with a guard post and went into a ditch; but he was not injured personally and continued with his work, traveling in the days following by bus.

The principal question in the case is whether the District Judge should have granted the motion of the defendant for a directed verdict on the ground that there was no evidence of negligence on its part, but that the accident was due to carelessness on the part of the injured man. Our examination of the evidence, however, convinces us that the motion was properly overruled. The Poresky company was engaged in the construction and sale of private dwelling houses in Hyattsville, Prince Georges County, Maryland, not far distant from the apartment in which the plaintiff resided. On Sunday, August 8, 1954, early in the afternoon, he and his wife drove out to inspect the new houses and entered one of them that was open for inspection. After examining the upper rooms the couple descended to the basement where a garage and laundry area was located, from which a flight of five steps ascended to the level of the yard at the rear of the building. A ceiling and overhead beam overhung the first two steps up from the basement. In going up from the second to the third step, Hurwitz struck his head on the overhead beam so forcibly that he was knocked to his knees. He had taken three or four steps in the area to the foot of the stairway and was looking straight ahead as he ascended. He was conscious that the areaway was covered by a ceiling but did not observe that the distance from the beam beneath the ceiling to the steps was so short that he could not ascend in an erect position.

An examination of the premises by the judge and the jury during the trial disclosed that the distance from the center of the first tread to the overhead beam was 82½″, from the second tread to the overhead beam 72″, and from the third tread to the overhead beam (if projected) 64¼″. Hurwitz's height is 5′ 9½″ or 69½″, so that when he stepped in a normal manner from the second to the third step his head came in contact with the beam in the manner described.

■■ The clearance of such a stairway is regulated by the Building Code for the Maryland-Washington Regional District in Montgomery and Prince Georges Counties, Maryland, which was promulgated by the Maryland-National Capital Park and Planning Commission under the authority of Acts of the General Assembly of Maryland. See Laws of Maryland, 1943, chap. 1008, § 2, I and II; Laws of Maryland, 1949, chap. 582, § 2. This code provides in § 618.22 that the minimum head room for basement and service stairs, measured vertically from the face of the tread, shall be 76″. In this case, as we have seen, the clearance from the second step was 72″, or 4″ less than the code required. In view of these circumstances it remains to consider what duty the owner of the buildings owed to members of the visiting public. The law of Maryland is clear that an owner of land or buildings who invites other persons to go upon his premises must exercise care to have them in reasonably safe condition and to give warning of any latent or concealed danger. The owner, however, is not an insurer

and when the facts show that the danger is as obvious to an invitee as it is to the owner, the latter is not liable for injuries sustained by one who fails to heed. See Long v. Joestlein, 193 Md. 211, 216, 66 A.2d 407; Yaniger v. Calvert Building & Construction Co., 183 Md. 285, 288, 37 A.2d 263.

There is no doubt that the plaintiff was entitled to the protection with which the law surrounds an invitee since the houses were open for inspection and sale and the public was invited to visit them. Whether the Poretsky company was guilty of negligence in this case must be considered in the light of the violation of the Building Code, of which the company was guilty. As to this feature the law of Maryland is well settled. The mere violation of a statute or ordinance does not of itself support an action for damages, but if such a violation is the proximate cause of injury a right of action does accrue to the injured party. Gosnell v. Baltimore & O. R. Co., 189 Md. 677, 687, 57 A.2d 322; Hopper, McGaw & Co. v. Kelly, 145 Md. 161, 169, 125 A. 779.

It is obvious that the evidence in the case as to the manner in which the accident occurred, which was heard by the jury in Court and perceived by them when they personally inspected the premises, was sufficient to justify the submission to them of the question as to whether the illegal construction of the stairway was the cause of the accident. It cannot be said that the accident would not have occurred if the clearance of the second step had been 4" greater; therefore, the matter was clearly one for the jury's determination.

We think that the issue of contributory negligence was also properly submitted to the jury. The accident occurred while the plaintiff was going up the stairway in broad daylight, but he was not familiar with the layout and he was ascending to the ground level from a place where the amount of head room was not readily discernible. It was for the jury to say whether under these unfamiliar circumstances he was himself guilty of negligence.

The instructions of the District Judge clearly and fairly submitted these questions to the jury. In his charge, after commenting upon the admitted facts as to the minimum head room, he said:

"Therefore, I charge you as a matter of law that this was a noncompliance with the code requirement. If you find that that violation or noncompliance directly caused or contributed to plaintiff's injury, he is entitled to recover, subject, of course, to the bar of his own contributory negligence. But in so saying, I am not to be understood as meaning that the simple violation of this or any other building regulation or code provision is enough to permit a recovery. The violation must have been the cause or must have contributed to the injury in question, without negligence on the part of the person relying upon that violation."
* * *

"You are instructed that while the owner of the property is not what in law is called an insurer, that is, liable without regard to fault, and is not absolutely responsible for the safety of a business invitee, so that negligence is necessary in order to permit a recovery, there is a duty to exercise ordinary care to keep the premises in a condition reasonably safe for business invitees. If danger arises from conditions not readily apparent to a business invitee, using due care on his behalf, and if the owner has actual knowledge of them or they are discoverable by the owner in the exercise of ordinary care, it is his duty to give reasonable warning of such danger.

"The converse is equally true. If the situation is one which might ordinarily be expected by a person going onto the property, or if the situation is one which he, by the use of reasonable care in his own behalf, might be expected to discover, then

there is no duty on the part of the defendant to give warning."

The appellant makes the additional argument that the District Judge erred in refusing to order a new trial or to order a *remittitur* in the damages awarded by the jury. Such a matter is entirely within the discretion of the Trial Judge and we have no authority to review the judgment in the absence of arbitrary conduct or abuse of discretion. The injuries suffered by the plaintiff have been set out in some detail in the beginning of this opinion and it is obvious that the ruling of the District Judge was completely within his discretion.

Affirmed.