William J. SLOAN and Beverly D. Sloan, an infant, who sues by William J. Sloan, her next friend, Appellants,

v.

Carl Allen COLEBANK, Appellee.

No. 8573.

United States Court of Appeals Fourth Circuit.

Argued May 31, 1962.

Decided June 8, 1962.

---

John J. Lane, Charleston, W. Va. (Lane & Preiser, Charleston, W. Va., on brief), for appellants.

Thomas J. Whyte, Fairmont, W. Va. (Russell L. Furbee, and Furbee & Hardesty, Fairmont, W. Va., on brief), for appellee.

Before SOPER and BRYAN, Circuit Judges, and BARKSDALE, District Judge.

PER CURIAM.

The plaintiffs appeal from a judgment for the defendant based on the jury verdict in an automobile collision case. There were no objections to the admission of evidence, no motion for directed verdict by either side, and no exceptions to the charge of the trial judge which fairly submitted to the jury the issues of negligence, contributory negligence and proximate cause. The only error charged is the order of the District Judge over-ruling a motion of the plaintiffs to set aside the verdict and grant a new trial. It is not contended that the District Judge abused his discretion in this respect, which alone would furnish ground for this appeal, see Virginian Railroad Co. v. Armentrout, 4 Cir. (1948), 166 F.2d 400, 408–9; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350; Harry Poretsky & Sons, Inc. v. Hurwitz, 4 Cir. (1956), 235 F.2d 295, 298; Williams v. Nichols, 4 Cir. (1959), 266 F.2d 389; but we are asked to reverse the judgment on the ground that the verdict was against the weight of credible evidence. Obviously, this contention is untenable since, in the absence of an abuse of discretion by the trial judge, we have no power to review the findings of the jury. If we had the power we should have no hesitancy in sustaining the refusal of the District Judge to grant a new trial. The plaintiffs' automobile ran into the right side of the defendant's car which it was following on the public road on a rainy night as the car was entering the driveway of a private dwelling to its right. Plaintiffs testified that the car turned to its left across the center line of the road before entering the driveway, leading the plaintiffs to believe that they had room to pass to the right which they proceeded to do. But the defendant testified that he slowed down and signalled for a right hand turn and did not cross the center line of the highway before he entered the private driveway and that he was struck on the right side when his vehicle was partly on the driveway and partly on the public road. Obviously, there was substantial ground for the jury's verdict.

Affirmed.