HABELSON ET UX. *v.* KALUS ET AL.

[No. 270, September Term, 1957.]

*Decided May 21, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*H. Ross Black, Jr.,* and *Nevin E. Leese,* with whom were *Rome & Rome* on the *brief,* for appellants.

*Eugene A. Alexander, III,* with whom was *Walter V. Harrison* on the brief, for appellees, B. J. Kalus, Morton E. Kalus and Park Regent Company.

Submitted on brief by *Max R. Israelson* and *Smalkin, Hessian, Martin & Taylor* for appellee, Daisy Jeter.

PER CURIAM.

The question in this case is whether the owners of real estate adjacent to a public highway are liable to users of the highway who were injured or suffered loss from the negligence of an independent contractor in removing a large piece of tree trunk from the real estate. The trial court directed a verdict in favor of the owner-defendants; and the highway users, including the owner of the car (who was not in it) and a passenger, appeal.

The tree in question stood some 25 feet back from the property line. It was felled in such a way as not to fall over the public highway. The accident occurred when the independent contractor sought to load the tree trunk onto his truck. To do this he passed a wire around the tree trunk, wound the other end of the wire around a winch on the truck and then drove the truck across the highway, thus stretching the wire taut across the southbound lane of a heavily traveled street. Mrs. Habelson, who was driving the car owned by her husband, did not see the wire and ran into it. The top was ripped off the car and the occupants were injured.

The evidence does not show any direct control exercised by the owner-defendants over the man employed to remove the tree in the performance of that work. One of them suggested how to make a cut to avoid "pinching" a power saw and thereby stalling it, and this owner also warned the independent contractor not to use the driveway belonging to a neighbor. The muddy condition of the land made it impractical to operate the truck alongside of the fallen tree. This owner was in the office, but was not watching or directing the operation when the accident happened.

We think that the negligence of the independent contractor in not having someone flag down traffic on the highway was clearly the cause of the accident. He had a boy with him who could have been directed ·to do so. There was nothing inherently dangerous to users of the highway in the cutting down or the removal of the tree. The case, therefore, does not fall within the rule of *Philadelphia, Baltimore & Washington R. R. Co. v. Mitchell,* 107 Md. 600, 69 A. 422, but is controlled by *Weilbacher v. J. W. Putts Co.,* 123 Md. 249, 91 A. 343. The negligence of the contractor was collateral to the contract, and the direction of a verdict in favor of the owner-defendants was correct.

*Judgment affirmed, with costs.*