## HAWKINS *v.* SOUTHERN MARYLAND AGRICULTURAL FAIR ASSN. OF PRINCE GEORGE'S COUNTY

[No. 77, September Term, 1964.]

*Decided December 7, 1964.*

The cause was argued before HENDERSON, C. J., and PRES-
COTT, HORNEY, SYBERT and OPPENHEIMER, JJ.

*Earl H. Davis* for the appellant.

*David M. Buffington,* with whom was *John H. Mudd* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

This is an appeal from a judgment for costs against the appellant-plaintiff entered after the trial court directed a verdict in favor of the appellee-defendant.

The question presented is whether the trial court erred in granting appellee's motion for a directed verdict.

The plaintiff, accompanied by her husband and children, attended the annual Prince George's County Fair on September 9, 1961. The Fair was sponsored by the defendant and consisted of various exhibits, concession stands and entertainment; and was being conducted on the fairgrounds owned by it. Under an agreement with the defendant, the county Chamber of Commerce (Chamber) solicited and acquired concessioners and commercial exhibitors, whom the Chamber charged fees, which it collected. The defendant solicited and acquired agricultural exhibits and collected nominal entry fees therefor.

A general admission charge of 50 cents for adults was made and collected by the Chamber, which, after the deduction of expenses, was shared with the defendant. Defendant's share thereof at this particular meeting was some $2,500, which was not sufficient to cover its expenses. There was testimony to the effect that the defendant had to conduct the fair in order to obtain a license for its Race meetings.

The plaintiff testified she sustained an injury to her left leg while on the fairgrounds when an unidentified person (later identified) at a refreshment stand dropped a case of soft drinks, causing one or more of the bottles thereof to shatter. She stated that one male person was behind the counter in the stand and another was on the outside. These persons were "tossing" 24 bottle cases of Coca Colas from one to the other, apparently to stack them on the outside of the stand to be returned to the bottler as the Fair was being concluded. One of the cases was dropped and glass from one of the shattered bottles injured her

leg. Her testimony was corroborated by her husband and her daughter.

The refreshment stand at which she received her injury was being operated by the Marlboro Lions Club (Club). The concession for the stand had been obtained by the Club from the Chamber, and was being conducted by members of the Club, and not by any agent or employee of the defendant. The defendant exercised no control over the operation of the stand (it was, however, the owner of the premises, and, as such, assumed certain responsibilities, which will be pointed out later), and it received no direct share or percentage of the proceeds from the operation of the stand.

At the conclusion of appellant's case, a motion for a directed verdict was made by the defendant. The appellant then asked leave to amend her declaration, so that she might allege that the defendant failed to have its premises in a reasonably safe condition for use by her as a business invitee. The court refused to permit this amendment, and granted the motion for a directed verdict.

The question presented by appellant has a double thrust: she contends that the trial court abused its discretion in failing to permit her to amend her narr, and erred in directing a verdict in favor of the defendant on the question of defendant's being responsible under the doctrine of respondeat superior. The declaration alleged that the parties whose negligence caused appellant's injuries were the "agents, servants or employees" of the defendant. Appellant's own evidence not only failed to support this allegation, but proved that it was not true. Hence, there can be no doubt that the trial court was correct in his ruling on this aspect of the question; so we proceed to consider the other.

We assume, without deciding, that appellant should have been allowed to amend, so as to invoke what she terms "negligence on the part of the defendant in failing to furnish a safe place for the plaintiff as a business invitee * * *."

The previous decisions of this Court have dealt with and plainly set forth the law applicable to the situation presented in the present appeal; consequently, we shall not refer to many

out-of-state rulings, although we find a vast majority of them in accord with the Maryland cases.

It is universally recognized that the mere ownership or possession of land does not render one liable for injuries sustained by business invitees, *Long v. Joestlein,* 193 Md. 211; because such an owner or possessor is not an insurer of an invitee while upon the land. *Velte v. Nichols,* 211 Md. 353; *Long v. Joestlein, supra,* and cases cited. Therefore, if a possessor or owner of land is to be held liable for injuries to a business invitee, such liability must be predicated upon negligence, unless the injuries are wilfully inflicted. *Long v. Joestlein, supra.*

In order to determine whether the appellee were guilty of negligence, we must take into consideration what duty was placed upon it by the relationship of the parties. The general rule is that the operator of a place of amusement owes to business invitees a non-delegable duty to use ordinary care and caution to keep the premises in a reasonably safe condition. For a partial collection of the Maryland cases dealing with the responsibility of owners and possessors of property, generally, as well as places of amusement, see 16 M.L.E., *Negligence,* § 31. See also *Smith v. Benick,* 87 Md. 610; *Kuhn v. Carlin,* 196 Md. 318 (casenote thereon in 14 Md. L. Rev. 383; *Weilbacher v. Putts Co.,* 123 Md. 249; *Habelson v. Kalus,* 217 Md. 88; *Lawson v. Clawson,* 177 Md. 333; *Agricultural & Mech. Assn. v. Gray,* 118 Md. 600; *Carlin v. Smith,* 148 Md. 524; *New Theatre Co. v. Hartlove,* 123 Md. 78; *Nalee Inc. v. Jacobs,* 228 Md. 525; *Evans v. Hot Shoppes, Inc.,* 223 Md. 235; *Glaze v. Benson,* 205 Md. 26.

The Maryland cases may be generally grouped into two categories: (1) those involving a condition of the premises which the proprietor has created or is responsible for, or about which he has actual or constructive knowledge; and (2) those involving a condition on the premises which the proprietor did not create, and could not have reasonably foreseen, anticipated or prevented. In the first group fall such cases as *Lawson, Agricultural & Mech. Assn., Carlin v. Smith, New Theatre Co.,* and *Nalee, Inc.* all *supra.* In these cases, this Court held that the proprietors were liable. We shall not analyze each of the above named cases (or the others that could be named),

for we think brief statements concerning two of them will suffice for the purpose of illustration.

In *Lawson,* very heavily relied upon by appellant, jury verdicts against an Association, the sponsor of a wrestling match, and individual defendants were affirmed, where the plaintiff, a spectator, was injured when the spectators' stands collapsed. The Court held that there was sufficient evidence of negligence on the part of the defendants to sustain the verdicts, notwithstanding their employment of an independent contractor to erect the stands (the laborers who erected the stands were actually procured by a member of the convention committee of the Association) ; because a proper inspection would have revealed the defective condition of the stands, and the defendants' duty to exercise ordinary care and caution to see that the premises were in a reasonably safe condition could not, under the circumstances, be delegated. It takes no elaborate discussion to demonstrate that the case is not in point to the one at bar. That case involved a non-delegable duty relative to a structure on premises being used by the defendants for business purposes to entertain business invitees; the instant case involves no structural or other defect in the premises, but an isolated and instantaneous act of (purported) negligence by the employee (or agent) of a concessionaire, of which the defendant had no knowledge, or reasonably could have been expected to have had knowledge. In *Carlin v. Smith, supra,* a verdict for a patron of an amusement device was affirmed where the evidence permitted a finding that the offending device, which was owned and maintained by the proprietor and was being operated by his employee, was defective, or was being operated negligently.[1]

---

1. Appellant cites Tyrrell v. Quigley, 60 N. Y. S. 2d 821; Boardman v. Ottinger, 88 P. 2d 967 (Ore.); Fimple v. Archer Ballroom Co., 35 N. W. 2d 680 (Neb.); and Edwards v. Hollywood Canteen, 167 P. 2d 729 (Cal.). These cases deal with injuries to patrons resulting from the acts of other patrons engaged in boisterous or unruly conduct of which the proprietor had actual or constructive notice, but took no action to abate such conduct. They are readily distinguished from the case at bar. She also cites Watford v. Evening Star Newspaper Co. 211 F. 2d 31 (Ct. App., D. C.). We find nothing in that case which conflicts with our decision herein.

The second group of cases includes *Smith v. Benick*, 87 Md. 610, *Kuhn v. Carlin, supra, State Fair v. Henderson*, 164 Md. 587, and similar cases. In these cases, the Court denied recovery by the plaintiffs, because the conditions on the premises complained of were not created by the proprietors and/or could not have reasonably been foreseen, anticipated, or prevented. In *Kuhn*, it was held that a judgment n.o.v. was properly granted in favor of the proprietor of an amusement park, where a patron was injured while on an amusement device, owned and operated by a concessioner, as the result of a chain breaking or "giving away." The Court held, citing 2 *Restatement, Torts*, § 415, Illustration 4, that it was clear that a reasonably attentive inspection of the device before the accident would not have disclosed any defect in the chain to the proprietor.

We shall not review the Maryland cases further, for we think the annotator has correctly summarized the Maryland law (as well as the majority rule elsewhere) in 22 A.L.R. 623, as follows:

> "But since the duty of the proprietor of a place of public amusement is only to exercise reasonable care, and he is not an insurer of the safety of patrons, his responsibility for negligence of * * * concessioners, or other third persons must rest in his own lack of care in failing to keep the premises reasonably safe, or in permitting their use by improper persons; or in improper or dangerous ways, and if he has fulfilled his obligation, and injury nevertheless arises through the negligence of one who is not his agent or servant, he will not be liable."

See also 2 *Restatement, Torts*, § 415, comment c, wherein it is said: "Therefore, the rule stated in this Section does not impose liability upon the possessor * * * for harm which results from a merely casual act of negligence which is not sufficiently persistent to give the possessor the opportunity to prevent it by the exercise of reasonable care." Also compare Illustration 7 of § 415.

We see no reason for laboring the question further. We think the above quotation from the *Restatement* is applicable here;

and it is clear that the evidence in the case at bar, considered in a light most favorable to the appellant, shows no more than an alleged isolated act of casual or instantaneous negligence on the part of an agent of a concessionaire, of which the owner had no knowledge, actual or constructive. Hence, even if the amendment had been permitted, it would have been of no avail to the appellant. The judgment will, therefore, be affirmed.

*Judgment affirmed, with costs.*