Florence Solmo, Plaintiff-Appellee, v. Catholic Bishop of Chicago, a Corporation Sole, Defendant-Appellant, and Dominick Ponticelli, John Guida and Joseph Shortino, Defendants.

Pasquale D'Andrea, Plaintiff-Appellee, v. Catholic Bishop of Chicago, a Corporation Sole, Defendant-Appellant, and Village of Melrose Park, a Municipal Corporation, and Joseph Shortino, et al., Defendants.

Gen. No. 51,475.

First District, Second Division.

June 27, 1967.

Vogel & Vogel, of Chicago (L. H. Vogel, Robert C. Vogel, Richard A. Walkovets and David C. Holland, of counsel), for appellant.

Fred Lambruschi and John W. Schelthoff, of Chicago (Fred Lambruschi, Herbert P. Veldenz and John W. Schelthoff, of counsel), for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

These actions were brought for personal injuries sustained by plaintiffs when they were burned due to an explosion in a concession stand at a church festival. The causes were consolidated for trial. All defendants except the Catholic Bishop of Chicago and Dominick Ponticelli were dismissed out of the case during the trial on motion of plaintiffs. The jury returned verdicts against both remaining defendants, in an amount of $1,800 for plaintiff Solmo and $1,500 for plaintiff D'Andrea. The Catholic Bishop of Chicago alone prosecutes this appeal.

Prior to July 19, 1959, the Catholic Bishop of Chicago, through John Cucci as a member of a parish social committee, was issued a permit by the Village of Melrose Park to celebrate an annual parish festival on property owned by the Catholic Bishop. Sam Ponticelli and Joseph Shortino obtained separate concession permits from Cucci which entitled them to sell food from booths

at the festival at a rental of $225 for the four days of the festival. Cucci gave the concessionaires instructions as to where their booths were to be located and where to dispose of trash at the end of the day. The concessionaires erected and maintained their own booths and the lease agreement prohibited them from engaging in gambling, the sale of liquor or the sale of meat on Friday. Both Ponticelli and Shortino intended to sell charcoal-broiled Italian sausage and Italian beef sandwiches in their respective booths.

On July 19, 1959, Dominick Ponticelli, the brother of Sam Ponticelli, started a charcoal fire in a charcoal burner in the Ponticelli booth in the early morning to prepare food for the day's sales. Shortly thereafter Shortino opened his booth which was adjacent to the Ponticelli booth. The Shortino booth contained three charcoal burners, one of which was situated in the front of the booth near the customer service counter. About noon of that day thundershowers put the fire out in the front charcoal burner in the Shortino booth. When the rain ended Shortino attempted to restart the fire by cleaning out the wet coals, replacing them with hot coals, and adding kindling. Shortino then requested charcoal lighter fluid from the Ponticelli booth and Dominick Ponticelli went to the Shortino booth with a two-gallon can of lighter fluid. As Dominick Ponticelli was pouring the lighter fluid into the front charcoal burner in Shortino's booth, the fluid was ignited by the hot coals previously placed into the burner by Shortino, flamed up and burned Ponticelli. Ponticelli dropped the can of fluid onto the burning coals and the can exploded. Mrs. Solmo and Mr. D'Andrea were at the service counter of Shortino's booth to purchase sandwiches and were burned when the explosion occurred.

Plaintiffs filed a suit, basing their actions upon the theory that the owner of land who leases the land to

concessionaires for a consideration, subject to the owner's rules and regulations, is under a duty to see that the premises are kept in a reasonably safe condition for business invitees upon the land. It was also plaintiffs' theory that where a concessionaire maintains a charcoal fire food cooker in close proximity to a customer service counter an inherently dangerous condition is created, which condition is compounded when inflammable materials are allowed to be stored in violation of the inflammable materials statute of the State of Illinois; plaintiffs contended in their complaint that the owner of the land is liable for injuries resulting from such condition, regardless of the fact that the concessionaire may be an independent contractor.

On this appeal the Catholic Bishop of Chicago maintains that plaintiffs' injuries resulted from unforeseeable acts of persons who were independent contractors or employees thereof, and who were not agents or employees of the Catholic Bishop of Chicago. It is also maintained that there was no proximate connection between the leasing of the space to the concessionaires and the injuries suffered by the plaintiffs.

■ ■ Where a defective or hazardous condition is not apparent upon a reasonable inspection or examination of the premises and where the owner retains no control over the premises, the owner of land will not be held liable for injuries to third parties on premises leased to an independent contractor unless injuries from the latter's acts are reasonably foreseeable. See Hawkins v. Southern Maryland Agricultural Fair Ass'n, 237 Md 90, 205 A2d 286. (See also Stickel v. Riverview Sharpshooters' Park Co., 250 Ill 452, 95 NE 445; Babicz v. Riverview Sharpshooters' Park Co., 256 Ill 24, 99 NE 860.) In the Hawkins case the plaintiff was injured when a concessionaire and his employee were tossing and stacking cases of empty soda-pop bottles outside of his refreshment stand. One of the cases was dropped and

glass from a shattered bottle injured plaintiff's leg. A verdict in favor of the defendant Fair Association was directed by the trial court, which action was affirmed on appeal. The court on appeal stated, at 205 A2d 288, that it is universally recognized that mere ownership or possession of land does not of itself render the owner or possessor liable for injuries sustained by business invitees for the reason that the owner or possessor is not an insurer of the business invitee while upon the land. It was further stated that if liability exists on the part of the owner or possessor, it exists only through his negligence, unless the injuries are willfully inflicted. We are of the opinion that the isolated and independent act of Dominick Ponticelli in attempting to restart a charcoal fire by pouring lighter fluid on lit coals and in dropping the can of lighter fluid on the fire was not reasonably foreseeable so as to charge the Catholic Bishop of Chicago with the duty of protecting against such an occurrence.

■ Dominick Ponticelli was the brother of Sam Ponticelli, the operator of one of the concessions, and had no connection whatsoever with the Catholic Bishop of Chicago either as an agent or as an employee. The extent of control of the concessionaire's business retained by the Catholic Bishop, as evidenced by the record, amounted solely to the designation of the location of the booths, a direction of disposal of trash, and a prohibition against gambling, selling of liquor or the sale of meat on Friday. It cannot be said that the Catholic Bishop of Chicago, through its agent John Cucci, retained such control of the premises as to assume the duty of keeping the premises in a reasonably safe condition.

■ Contrary to plaintiff's contention, a charcoal burner, in and of itself, is not a dangerous hazard. Rather, the danger is created by the manner in which the burner is used. The Catholic Bishop of Chicago, as the owner of the land upon which the concession booths were

79

situated, was not required to foresee that the burners would be misused. Merely because the burner was placed near the customer service counter would not have prevented the explosion nor would it have necessarily prevented third persons from being injured by the explosion.

■ Plaintiffs also raise the question of the violation of the Illinois Statute pertaining to the storage, keeping, etc., of inflammable materials. Ill Rev Stats 1959, c 38, Par 351 (presently Ill Rev Stats 1965, c 127½, Par 153). The Catholic Bishop of Chicago cannot be said to have had the duty to foresee the negligent use of the lighter fluid by Dominick Ponticelli. Furthermore, the storage of the lighter fluid upon the land of the Catholic Bishop of Chicago was not the cause of the explosion; rather, the use of the lighter fluid by someone over whom the Catholic Bishop of Chicago had no control was the cause of the explosion.

The cases cited by plaintiffs in support of their position that the owner of land is liable for injuries to third parties while on land leased to independent contractors are not in point: Stickel v. Riverview Sharpshooters' Park Co., 250 Ill 452, 95 NE 445; Babicz v. Riverview Sharpshooters' Park Co., 256 Ill 24, 99 NE 860; Dietze v. Riverview Sharpshooters' Park Co., 181 Ill App 357; Geraghty v. Burr Oak Lanes, Inc., 5 Ill2d 153, 125 NE2d 47; Koehler v. La Salle Turn Verein, 187 Ill App 340. In the cases cited by plaintiffs the defective or hazardous conditions on the leased premises, or the negligent acts through which the respective plaintiffs were injured, were either reasonably foreseeable to the owner of the land or could have been determined by him upon a reasonable inspection, or the owner of the land retained such control over the operation of the concession as to retain the duty of keeping the premises in safe condition for third parties.

In the case at bar, however, the act of Dominick Ponticelli in attempting to restart the charcoal fire by pouring lighter fluid upon the hot coals, and in dropping the container of fluid on the lit coals after he was burned, cannot be said to have been reasonably foreseeable by the Catholic Bishop of Chicago. Furthermore, the evidence is clear that the Catholic Bishop of Chicago did not retain such control over the premises as to require him to keep the premises in a safe condition.

The judgment against the Catholic Bishop of Chicago is reversed and the cause remanded with directions to enter judgment for the Catholic Bishop of Chicago and against both plaintiffs.

Judgment reversed and cause remanded with directions.

LYONS, P. J. and BRYANT, J., concur.