Nathan BARBER, Appellant,

v.

C. J. CUNNINGHAM et al., Appellees.

Court of Appeals of Kentucky.

May 20, 1960.

Richard H. Nash, Raymond L. Suell, Louisville, for appellant.

J. E. Hutchins, Harry S. McAlpin, Louisville, for appellees.

CULLEN, Commissioner.

On an afternoon in March the appellant Nathan Barber, a man weighing 350 pounds, entered (as a customer) a small neighborhood drugstore in Louisville operated by the appellee A. I. Bright under lease from the appellee C. J. Cunningham. Upon leaving the store a few minutes later, Barber fell from the platform or step outside the entrance door and was injured. His suit for damages went to the jury, which returned a verdict awarding damages of $5,875. Upon motion for judgment n. o. v. the court set aside the verdict and entered judgment dismissing the action. Barber has appealed, maintaining that the verdict should be reinstated.

The drugstore is located on a corner lot, with its entrance at an angle facing the apex of the corner. The main entrance door opens into the store, but there is a screen door opening outward. Level with the bottom of the doors there is a triangular shaped concrete platform, with its base extending some 17 inches on each side of the door frame. The sides of the triangle are 50 inches long and the point is 35 inches from the base. From this platform there is a riser down to a step extending around both sides of the triangle, and from the step there is another riser down to the street level. The screen door is 35 inches wide, so when it is opened to a point at right angles with the threshold it extends some 19 inches over the edge of the platform.

The appellant predicates his case solely on the alleged violation of a city building code ordinance which provides:

"No exit door shall open immediately on a flight of stairs, but a landing the length and width of which are

not less than the width of such door, shall be provided between such door and such stairs. No riser shall be located within one foot of an exit door."

The argument of the appellant is that the platform and step outside the appellees' drugstore constitute a "flight of stairs," and therefore the ordinance was violated because of the length of the platform (landing) is less than the width of the door.

The trial judge initially submitted the case to the jury on the theory that the ordinance applied, but on motion for judgment n. o. v. he changed his mind and concluded that the ordinance was not applicable.

In view of the provision of the ordinance that "no riser shall be located within one foot of an exit door," it is clear that the ordinance distinguishes between a single step and a flight of steps, because if a landing equal in length and width to the width of the exit door were required even where there was only one step, there would be no occasion to prohibit the locating of a riser within one foot of the door. Obviously, the ordinance contemplates the necessity for a landing only where the door opens upon a "flight" of stairs, posing the danger of a fall for an appreciable distance.

The Merriam-Webster New International Dictionary defines a "flight of stairs" as a continuous series of stairs, and defines a "stair" as any one step of a series for ascending or descending to a different level. A "step" is defined as a rest or one of a set of rests for the foot in ascending or descending; specifically, one of a set of stairs, consisting usually of a riser and a tread.

Here we do not have a series of steps, but only a platform or landing and a single step. (There are two risers but only one tread.) It would be a distortion of meaning to call this structure a flight of stairs.

The appellant relies upon Montgomery Ward & Co. v. Snuggins, 8 Cir., 103 F.2d 458, 462, where it was held that a series of *four* steps leading from the first floor of a store up to a landing, from which additional steps ascended to the second floor, constituted a "stairway" within the meaning of a building code. The court held that "stairway" included "all flights of steps, short or long, open or enclosed." That case may be authority for the proposition that *two* or more steps may constitute a "flight," but it does not furnish support for the argument that a flight may consist of only *one* step.

The only danger in the instant case was that involved in negotiating one step. The ordinance does not indicate any intention that a landing be required to guard against such a danger, but only that the riser not be located within one foot of the door.

We concur in the conclusion of the trial court that the ordinance was not violated.

It is unnecessary for us to consider the question of contributory negligence, raised by the appellees. However, we may say that in view of the fact that the nature of the step and platform was plainly visible to the appellant when he entered the store, and the fact that he had visited the store on two or three previous occasions, it would be difficult to avoid the conclusion that he was contributorily negligent as a matter of law. See Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405; Entwistle v. Carrier Conveyor Corp., Ky., 284 S.W.2d 820; J. C. Penney Co. v. Mayes, Ky., 255 S.W.2d 639; Fisher v. Hardesty, Ky., 252 S.W.2d 877; Myers v. Ben Snyder, Inc., 313 Ky. 832, 233 S.W.2d 1016; Price v. T. P. Taylor & Co., 302 Ky. 736, 196 S.W.2d 312; Peerless Mfg. Corporation v. Davenport, 281 Ky. 654, 136 S.W.2d 779.

The judgment is affirmed.