**John O'BRYANT, Appellant,**

v.

**Robert THEOBALD et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 1, 1967.

Charles J. Schear, Newport, Manny H. Frockt, Louisville, for appellant.

E. P. Sawyer, William H. Walden, Louisville, for appellees.

CULLEN, Commissioner.

John O'Bryant, a member of the county police force of Jefferson County, was by order of the chief demoted from sergeant to patrolman. He appealed the demotion to the county police force merit system board. After holding hearings on the appeal, but before issuing a ruling, the board on its own initiative preferred charges of misconduct against O'Bryant upon which charges the board proposed to remove him from office. Simultaneously the chief suspended him, which action he immediately appealed to the board. After full hearings on its own charges and upon the appeal from the suspension order, the board ruled against O'Bryant on all counts, upholding the chief's orders of demotion and suspension, and removing O'Bryant from office. At that time the controlling statutes (KRS 78.-400 to 78.460) did not provide for an appeal from the board (by a 1966 amendment to KRS 78.455 an appeal with de novo trial now is provided for), so O'Bryant brought this independent action in the circuit court seeking to have the action of the board set aside as arbitrary. The circuit court entered judgment upholding the board's action, and the appeal here is from that judgment.

Under KRS 78.445 a member of a county police force may be removed, suspended, laid off, reduced in grade, or fined by the chief, "for any cause which will promote the efficiency of the service." A member so disciplined is entitled to a written statement of the "reasons why the described action is taken," and may file an answer within ten days, but is not entitled as a matter of right to a "trial or examination of witnesses." Under KRS 78.455, disciplinary action by the chief is "subject to review" by the merit system board, but that statute provides that a hearing shall be granted only if the board, after investigation, is of the opinion that the disciplinary action by the chief was brought about or influenced by reason of (1) political activity, (2) religious belief, or (3) prejudice.

On O'Bryant's demotion he was furnished with a statement listing a number of reasons or charges, of which the first two seemed to be the principal ones. They were (1) that O'Bryant in addressing a troop of patrolmen under his charge threatened to demonstrate by physical combat "out behind the woodshed" that he was "the boss;" and (2) that O'Bryant accused a police district commander of "pressuring" the subordinate officers and patrolmen to sign a petition opposing passage by the state legislature of a bill which would have fixed a 40-hour week for policemen.

In ruling on O'Bryant's appeal from the order of demotion the merit board simply stated that it was of the opinion that the action of the chief was not brought about or influenced by political activity, religious belief, or prejudice. O'Bryant argues that the board did not make sufficient findings of fact in that it did not state which, if any, charges it found him guilty of. He also argues that there was no substantial evidence to support a finding of guilt.

As we have pointed out, the board did not purport to determine the sufficiency of evidence of O'Bryant's guilt on any of the specific charges. It simply found that

the action of the chief was not influenced by political activity, religious belief, or prejudice. Under the statute, having made that finding, the board was not required to pass on the sufficiency of the evidence.

In any event, we think there was adequate evidence at the hearing to support a finding of guilt on the two principal charges. O'Bryant suggests that the offenses charged were inconsequential and insignificant. It is our opinion, however, that it does not take so serious a charge to warrant a *demotion*, as the statute says to "promote the efficiency of the service," as it would to justify more severe discipline. The conduct complained of was not calculated to promote orderly discipline and respect for higher authority such as is necessary for a police department.

As hereinbefore stated, the merit board preferred charges of misconduct against O'Bryant after it had completed the hearings on his appeal from the demotion order. Before preferring these charges the board interviewed several witnesses and took their statements, in closed session. O'Bryant maintains that this was unfair and was calculated to create bias and prejudice, and that it violated the provision of KRS 78.450 that in no case, after full public hearing, shall the board "in executive session receive any further evidence or communication from any source whatsoever prior to reaching its determination and conclusion."

We think there was no violation of the statute because the information obtained from the interviews did not relate to or bear upon the demotion appeal upon which the board had held hearings. It appears that the statute relates only to hearings on charges preferred by the board itself. We think also that there was no unfairness or inducement to bias or prejudice in the action of the board in not ruling on the demotion appeal before initiating the removal charges. It is reasonably deducible that the board felt that it would be more fair to O'Bryant to withhold announcement of its decision on the demotion appeal until the other charges were decided, in order that publicity and embarrassment might be minimized. The board gave O'Bryant a full-fledged hearing on the misconduct charges preferred by the board, and it appears from the record that the hearing was entirely fair and free of indications of prejudice.

The charges of misconduct preferred by the board related to alleged consorting by O'Bryant with a married woman during duty hours. The charges, in three paragraphs, stated that (1) O'Bryant left his post of duty on several occasions, without permission, and engaged in improper and immoral conduct; (2) such conduct became known in the district to his fellow officers; and (3) the conduct had been detrimental to the morale, discipline and efficiency of the department. In its decision the board simply said that "the charges preferred June 10, 1964 are sustained.

O'Bryant argues that the decision on the misconduct charges was arbitrary in that it was not supported by substantial evidence. It is sufficient for us to say that we find in the record ample evidence to sustain the decision.

O'Bryant further argues that the charges were vague and ambiguous so that he was unable to prepare a defense. However, our examination of the record convinces us that O'Bryant fully knew and understood what he was charged with. He contends also that the board did not make sufficiently specific findings of fact, but we think in view of the fact that there was only one basic charge against him, that the finding that "the charges * * * are sustained" was sufficiently specific.

O'Bryant's final contention is that the chief had no authority to suspend him without pay pending the hearing of the charges preferred by the board. It is our opinion that this authority clearly is conferred by KRS 78.445.

The judgment is affirmed.

All concur.