Pauline E. BENNETT, Appellant,

v.

PARKWAY PROFESSIONAL CENTER, INC. d/b/a Medical Arts Building, Appellee.

Court of Appeals of Kentucky.

Feb. 15, 1974.

As Modified on Denial of Rehearing April 12, 1974.

Gerald Kirven, O. Grant Bruton and Jefferson D. Stewart, III, Louisville, for appellant.

James S. Shaw, Mellor & Shaw, Louisville, for appellee.

REED, Justice.

Appellant, Pauline E. Bennett, fell on the front steps of the Medical Arts Building. She sued the occupier of the building for negligently failing to provide handrails at the stairs where she fell. The case was tried twice. The jury returned a verdict for the defendant on each occasion.

The appellant claims that she was entitled to judgment n. o. v. on the issue of liability with submission of her case to a jury only for assessment of damages. This argument is based on the proposition that the City of Louisville Building Code required handrails on both sides of the stairway in question. No handrails were installed. Appellant urges that this failure constituted negligence per se on the part of the owner and occupier of the premises, which, under the evidence, was the proximate cause of her injury. She also asserts that she was free of contributory negligence as a matter of law. The trial court held that the building code provision did not apply and submitted to the jury only the common law duty of ordinary care by the occupier of the premises and the issue of contributory negligence of the pedestrian.

The appellee, owner and occupier of the premises, argues that the building code provision did not apply to the stairway in question, that the stairs were reasonably safe and that there was an absence of any negligence on its part. Appellee also argues that the appellant was contributorily negligent as a matter of law.

■■ Without extensive belaboring of the language of the Louisville Building Code, it seems apparent to us that the code provision did apply to the stairs in question since it was an exterior stairway of the building containing stairs 44 inches or more in width. It appears, therefore, that under the decision relied on by both appellant and appellee which we announced in O'Connor & Raque Company v. Bill, Ky., 474 S.W.2d 344 (1971), the appellee was negligent because of its failure to observe the requirements of the building code which imposed a higher obligation than the common law duty of ordinary care.

■ We have read the testimony of appellant concerning the circumstances of her fall and the consequent injuries. Considering that testimony, both on direct and on cross-examination, it appears clear to us that a jury issue was presented concerning whether she was negligent on the occasion of the accident.

■ Appellant also complains concerning the admissibility of evidence relating to other incidents when she fell and other injuries she incurred and physical conditions with which she was afflicted. We will not attempt to weed out the testimony in detail, some of which might have been relevant and admissible, some of which might have been relevant but excludable in the discretion of the trial judge, and some of which might have been inadmissible. The discretionary authority of the trial judge is a necessary element. Reference to the general problem of admissibility of such evidence may be found in Ford Motor Company v. Zipper, Ky., 502 S.W.2d 74 (1973). The discussion therein may prove helpful in considering the admissibility of various items of evidence if a retrial is held.

■ In our view, the building code provision raised the standard of care required of the occupier of these building premises, but it did not lower the degree of care required of appellant for her own safety which still must be measured by the standard of the ordinarily prudent person under similar circumstances. See O'Conner & Raque Company v. Bill, supra. Therefore, if the evidence be substantially the same on a retrial it would appear that so far as the issue of liability is concerned only the issue of appellant's negligence should be submitted to the jury. If the jury finds that she was negligent, the appellee is not liable. If the jury finds she was not negligent, then the appellee is liable as a matter of law.

## ON REHEARING

It has been argued on rehearing that by force of the jury verdict and under the rationale of O'Connor & Raque Company v. Bill, supra, Mrs. Bennett must be held contributorily negligent as a matter of law. We do not agree. In that case the defendant's non-negligence (but for the possible application of the ordinance) was established by case law in the form of Barber v. Cunningham, Ky., 335 S.W.2d 882 (1960). The plaintiff's negligence was deduced from the defendant's non-negligence. In this case the defendant's non-negligence (aside from the ordinance) has not been established, because a general verdict favorable to a defendant in a negligence case can mean no more than that the plaintiff has failed to satisfy his burden of proof. A general verdict for the defendant in the instant case did not amount to a finding of non-negligence.

The judgment is reversed for further proceedings consistent herewith.

All concur.