William WHITEHEAD and Helene D. Whitehead, Appellants,

v.

RAMADA INNS, INC., Appellee.

Court of Appeals of Kentucky.

Oct. 31, 1975.

Peter Perlman, Fowler, Rouse, Measle & Bell, Lexington, for appellants.

James S. Carroll, Carroll & Knippenberg, Lexington, for appellee.

PALMORE, Justice.

Helene Whitehead was injured in a fall on the premises of a motel in Lexington, Kentucky. She sued for damages for her personal injuries and her husband sued for loss of consortium. At the close of their evidence the trial court directed a verdict for the motel company. They appeal from a judgment dismissing the action.

The Whiteheads were guests of the motel. They had checked out and were in the process of leaving when the accident took place. Mrs. Whitehead was walking through a hallway leading to an outside door. The outside surface was lower than the motel floor to which it was connected by this hallway, and there was a short flight of steps in the corridor, consisting of three risers and two treads. In other words, in proceeding toward the exit it was necessary for a pedestrian to take three downward steps. There were no handrails. As Mrs. Whitehead approached the steps she slipped on some foreign substance on the floor and fell down the steps. She testified that she reached for a handrail in order to support herself, but of course to no avail, as there was no handrail.

In considering the motion for a directed verdict the trial court determined that there was no basis for a submissible case of negligence on the part of the motel company unless it had breached a statutory duty in failing to provide a handrail or handrails along the side or sides of the steps, but that under the building code of the City of Lexington it did not have such a duty. The

trial court also expressed doubt as to whether the absence of a handrail could have had causal significance, because the place at which Mrs. Whitehead initially lost her footing was not on the steps.

It was stipulated that the 1955 edition of the National Building Code promulgated by the National Board of Fire Underwriters had been adopted by the City of Lexington and was applicable to the motel at the time of the accident. The pertinent portions of that Code were as follows:

"200 . . . *Stairway* means one or more flights of stairs and the necessary landings and platforms connecting them, to form a continuous and uninterrupted passage from one story to another in a building or structure."

"604.8 *Handrails.*

(a) Except for steps in aisles, stairs shall have walls or well secured balustrades or guards on both sides.

(b) Such stairs when less than 44 inches in width shall have handrails on at least one side.

(c) Such stairs when required to be 44 inches or more in width shall have handrails on both sides.

(d) When the required width of a flight of stairs is 88 inches or more, intermediate handrails continuous between landings and securely supported shall be provided so that there will not be more than 66 inches between adjacent handrails."

Observing that the language of the Code was not free of doubt, the trial court concluded that the word "stairs" as used in Sec. 604.8 was intended to refer to a flight of stairs from one story to another—in other words, a "stairway" as defined in Sec. 200. We reach the opposite conclusion, being of the opinion that the difference in terminology connotes a difference in meaning.

Sec. 604.8 provided that "stairs" must have a handrail or handrails. Under any definition of the word a flight consisting of two treads and three risers constitutes "stairs." Cf. *Barber v. Cunningham,* Ky., 335 S.W.2d 882, 883 (1960). We hold that this section of the building code applied.[1]

With respect to causation, we do not believe that the purpose of handrails adjacent to a flight of stairs is only to prevent those falls that are caused by the presence of the stairs. The danger of injury to a person who falls at or near the head of a flight of stairs is increased by its presence. No matter where his loss of footing originates, if the fall carries him onto or into the flight of stairs he is just as much entitled to the protection of a handrail as would be the case if he had first lost his balance while on the stairs.

The judgment is reversed with directions for a new trial.

All concur.

---

1. Though not quoted in the opinion, identical building code provisions were construed in *Bennett v. Parkway Professional Center, Inc.,* Ky., 507 S.W.2d 694, 695 (1974), precisely as they are construed here.