Chester KAVANAUGH, the Administrator of the Estate of Donald Trent Kavanaugh, Appellant,

v.

Lorraine DANIELS and Zada Daniels, his wife, Appellees.

Court of Appeals of Kentucky.

April 8, 1977.

P. Joseph Clarke, Jr., Danville, for appellant.

W. R. Patterson, Jr., Thomas M. Cooper, Landrum, Patterson & Dickey, Lexington, for appellees.

Before COOPER, HOWARD and WHITE, JJ.

COOPER, Judge.

This is an appeal from a verdict for the Defendant-Appellee rendered in the Garrard Circuit Court in action for a wrongful death of a child by drowning. Lorraine and Zada Daniels, the Appellees, owned and operated a seven and one-half acre lake in Garrard County called Lake Lorraine. For the past seven to eight years, a portion of this lake has been marked off and is used for commercial swimming. On June 3, 1973, Donald Kavanaugh, an eleven-year old boy, paid an admission fee and went swimming in the lake. Donald had been diving off the diving board and was noticed by other customers as having trouble keeping afloat. After his co-swimmers had observed him struggling, they attempted to rescue him by diving. The lifeguard on duty and the owners began to drag for the body with grappling hooks. Later the body was recovered by the Garrard County Rescue Squad. There was no rescue equipment readily available to use in attempting a shore rescue.

The issues in this case are:

(1) Do the regulations promulgated by the Kentucky Department of Health concerning swimming pools apply to lake swimming with marked-off swimming areas?

(2) Were the Court's instructions on "ordinary care" proper?

(3) Was it error for the Court to limit cross examination by use of the Red Cross Life Saving and Water Safety Manual?

This Court does not find it necessary to elaborate in great detail the content of the swimming pool regulations which

relate to KRS 211; but it should be sufficient to say that the regulations contemplate a structure of concrete or plastic or some other artificial material and not a lake operation, as in the instant case. Although we are not dealing with statutory specifications, we are concerned with the regulations of an agency of the Commonwealth which have the force of law. It is a reaffirmed principle of this Court that the strict wording of a statute shall be considered to ascertain the purpose of that statute. *O'Bryant v. Theobald,* Ky., 421 S.W.2d 571 (1967); *City of Louisville v. Helman,* Ky., 253 S.W.2d 598 (1952). Therefore, we hold that these swimming pool regulations promulgated by the Kentucky Department of Health relating to KRS 211 do not apply to lake swimming operations.

■ The next issue concerns the instructions of the Court. In the absence of a duty imposed by a law, ordinance, or regulation, the instructions on negligence should instruct on the common law duty of the ordinary care which should be taken to have a facility in a reasonably safe condition. *Penn Central Transportation Company v. Skaggs,* Ky., 489 S.W.2d 26 (1973). In the instant case we hold that a proper instruction was given concerning the duties of the Defendant to exercise ordinary care in operation of the swimming operation at Lake Lorraine. It was the burden of the Plaintiff to prove by testimony of operators of similar swimming operations that Defendants did not exercise ordinary care.

■ It is the contention of the Appellant that the Court should have specifically enumerated the duty of the Defendants to maintain certain equipment and take other measures. It is the law in this state that instructions should not give undue prominence to certain facts or issues. *Croushorn Equipment Company v. Moore,* Ky., 441 S.W.2d 111 (1969). The Court held in that case that a serious error was committed when the instructions became very specific as to the duties of the Defendant. The Appellant cites *Bennett v. Parkway Professional Center, Inc.,* Ky., 507 S.W.2d 694 (1964), in contending that specific duties

should have been enumerated. In that case, the Court dealt with violation of a building code in the construction of a stairway. The Court held that the building code of the City of Louisville applied to the construction of that stairway. We hold that health regulations concerning swimming pools do not apply; therefore, the *Bennett* case, *supra,* is not dispositive of this issue.

■ The Appellant also contends that it was error for the Court to limit the Appellant's use of the Red Cross Life Saving and Water Safety Manual in his cross-examination of the Defendant. It is the holding of this Court that the limitations imposed on the Appellant in using the Red Cross Manual for cross-examination purposes were not prejudicial to the Appellant's case in that such testimony would have been a repetition of the testimony of Mr. Lawson, who adequately testified as to what safety equipment and what personnel should be provided at a reasonably maintained swimming pool.

We affirm.

All concur.