RENDERED:  APRIL 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0577-MR

MARTIN JONES                                                                                      APPELLANT

v.                  APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 18-CI-02181

THOMAS BEIERLEIN                                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, KRAMER, AND MAZE, JUDGES.

MAZE, JUDGE:  Martin Jones appeals from a judgment confirming a jury verdict in favor of Thomas Beierlein.  Jones argues that the trial court abused its discretion by excluding significant portions of the testimony of his expert physician.  Given our limited standard of review, we find no indication that the trial court's factual

findings concerning the physician's qualifications resulted in a manifest injustice. Hence, we affirm.

This case arose from a motor vehicle accident which occurred on August 3, 2015. Beierlein was stopped at a red light on Madison Avenue in Covington, Kentucky. The vehicle behind him, driven by Shafonz Govan, was also stopped at the light. A third vehicle, driven by Jones, failed to stop and rear-ended the Govan vehicle. Govan's car was pushed forward and struck the rear of Beierlein's vehicle. Following the accident, Beierlein sought medical and chiropractic treatment for lumbar and cervical strain.

On December 7, 2018, Beierlein brought this action against Jones, seeking damages for his injuries resulting from Jones' negligence.[1] During discovery, Jones asked Beierlein to submit to a medical examination by Dr. Steven Wunder. Dr. Wunder reviewed Beierlein's medical records, conducted a physical examination, and issued a report. Thereafter, Beierlein took Dr. Wunder's deposition. During his deposition, Dr. Wunder testified that he did not believe Beierlein's injuries could have been caused by the accident. He also testified that he believed that Beierlein's pain was psychosomatic, caused by his prior

---

[1] Beierlein also asserted claims against Jones' insurance carrier and against his own insurance carrier for underinsured motorist (UIM) benefits. Those claims are not the subject of this appeal.

psychological trauma.  And on cross-examination, Dr. Wunder testified that Mr.

Beierlein appeared to meet the criteria for malingering.

Prior to trial, Beierlein filed a motion *in limine* to exclude Dr.

Wunder's testimony.  The trial court granted the motion, finding that Dr. Wunder

had not been qualified as an expert in the fields of biomechanics, accident

reconstruction, or psychology.  Consequently, the trial court excluded Dr.

Wunder's testimony concerning the causal relationship between the accident and

Beierlein's injuries, the possible psychological causes of his symptoms, and his

opinion that Beierlein was malingering.

The matter proceeded to a jury trial in March 2020.  Jones introduced

Dr. Wunder's deposition, but subject to the trial court's limitations.  At the close of

trial, the jury returned a verdict in favor of Beierlein.  The jury awarded damages

totaling $106,482.70, which the trial court reduced by $10,000 for the Basic

Reparation Benefit (BRB) payments already received.  This appeal followed.

On appeal, Jones argues that the trial court abused its discretion by

excluding most of Dr. Wunder's testimony.  As an initial matter, we note that CR[2]

76.12(4)(c)(v) requires that the Appellant's brief shall contain "at the beginning of

the argument a statement with reference to the record showing whether the issue

was properly preserved for review and, if so, in what manner."  "Compliance with

---

[2] Kentucky Rules of Civil Procedure.

this rule permits a meaningful and efficient review by directing the reviewing court to . . . where in the record the preceding court had an opportunity to correct its own error before the reviewing court considers the error itself." *Hallis v. Hallis*, 328 S.W.3d 694, 696-97 (Ky. App. 2010).

In this case, Jones' brief fails to include the required statement or references to the record. However, Jones' brief includes the trial court's order granting Beierlein's motion *in limine*. "Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Id.* at 696. *See also Briggs v. Kreutztrager*, 433 S.W.3d 355, 361 (Ky. App. 2014). While we can review the trial court's order, the deficiency in Jones' brief limits our ability to determine whether the objection was properly preserved. Furthermore, Jones did not take the opportunity to correct the deficiency with a citation to the record in his reply brief.

We ordinarily review the trial court's decision to admit or to exclude evidence for abuse of discretion. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). A trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.*

-4-

at 581. In this case, because of Jones' failure to comply with CR 76.12(4)(c)(v), we will review his allegation of error for manifest injustice only.

Jones relies heavily on the holding of *Combs v. Stortz*, 276 S.W.3d 282 (Ky. App. 2009), which also involved the testimony of Dr. Wunder. In that case, this Court held that the trial court's admission of Dr. Wunder's testimony on matters allegedly outside of his field of expertise did not result in manifest injustice. In the interest of consistency, Jones asserts that Dr. Wunder should have been permitted to testify on those matters in this case.

However, *Combs* is distinguishable for several reasons. First, the trial court in *Combs* denied the motion to exclude Dr. Wunder's testimony. We generally defer to such discretionary determinations by a trial court. In addition, the Court's scope of review in *Combs* was limited by the appellant's failure to comply with CR 76.12(4)(c)(v). Here, it was Jones who failed to comply with the rule. Thus, our scope of review is likewise limited as to his claims of abuse of discretion.

Moreover, the Court in *Combs* found that Dr. Wunder was not offering opinions outside of his area of expertise, explaining as follows:

> In *Stringer v. Commonwealth*, 956 S.W.2d 883 (Ky. 1997), our Supreme Court held that expert opinion evidence is admissible so long as: (1) the witness is qualified to render an opinion on the subject matter; (2) the subject matter is proper for expert testimony and satisfies the requirements of *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); (3) the subject matter satisfies the test of relevancy, subject to the balancing of probativeness against prejudice as required by KRE[3] 403; and (4) the opinion will assist the trier of fact pursuant to KRE 702. *Stringer*, 956 S.W.2d at 891.

Although physicians are qualified to testify as experts with respect to their particular area of specialty, we note that generally it is improper for a physician to testify as to the biomechanics of an accident. In *Tetrick v. Frashure*, 119 S.W.3d 89 (Ky. App. 2003), this Court held, in discussing the qualifications of a witness concerning a seat belt defense, that the witness must possess sufficient training, special knowledge, or skill to testify on the subject.

In this instance, however, after thoroughly reviewing Dr. Wunder's deposition testimony and report, we are not convinced that the doctor's testimony was outside of his area of expertise, nor that it failed to meet the standards outlined above. Certainly, a variety of factors must be taken into consideration in rendering a thorough and well-informed opinion, and our review of the record reveals no error in the materials relied upon by Dr. Wunder in offering his opinion.

After reviewing the record, we find no indication that Dr. Wunder testified as to the biomechanics of the accident itself. To the contrary, it appears that Dr. Wunder took a thorough personal history from Combs and conducted his examination with that history in mind. Further, we find no evidence that the doctor based his opinion, even slightly, on his brief review of the photographs of the collision. Our review of the records indicates that Dr. Wunder did review photographs of the accident, but nowhere do we find evidence that he based

---

[3] Kentucky Rules of Evidence.

his opinion upon the state of the car as it appeared in those pictures.

*Id.* at 294.

Unlike in *Combs*, the trial court in this case expressly found that Dr. Wunder sought to offer opinions based upon biomechanical principles. Dr. Wunder agreed that he does not have any formal training in biomedical engineering and did not apply any biomedical principles in this case. He also admitted that he did not apply any type of biomedical methodologies as to the factors in Beierlein's accident. Similarly, the trial court found that Dr. Wunder had not established any qualification to express an opinion about Beierlein's psychological state or whether he was malingering.

In sum, Jones failed to establish that the trial court clearly erred in finding that Dr. Wunder was not qualified to offer opinions on these subjects. In any event, the trial court allowed Dr. Wunder to testify concerning the results of his objective medical testing, including the MRI scans. Dr. Wunder testified that the results of those tests were essentially normal and not consistent with the cervical and lumbar pain claimed by Beierlein. Under the circumstances, we find no indication that Jones was unfairly prejudiced by the exclusion of Dr. Wunder's opinions outside of the field of his expertise. Therefore, we find no manifest injustice in this case.

Accordingly, we affirm the judgment of the Kenton Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Robert B. Cetrulo
Edgewood, Kentucky

BRIEF FOR APPELLEE:

Colby B. Cowherd
Covington, Kentucky